### In re SYNERGISTIC TECHNOLOGIES, INC.

**Bankruptcy No. 95–11031–T.**

United States Bankruptcy Court, E.D. Virginia, Alexandria Division.

May 13, 1997.

As Amended Oct. 29, 1997.

Robert G. Mayer, Mayer & Scanlan, P.C., Fairfax, VA, for Goldberry Properties, Ltd., Liao Shuio Chian and Synergistic Technologies, Inc.

Benjamin G. Chew, G. Kendrick Macdowell, Patton Boggs, L.L.P., Washington, DC, for Marta A. Oyhenart.

### *AMENDED MEMORANDUM OPINION*

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

This chapter 11 case was dismissed by the court's order entered November 28, 1995. On December 3, 1996, alleged creditors Goldberry Properties, Ltd., and Liao Shuio Chian filed a motion for entry of a show cause order against Marta A. Oyhenart, a shareholder of the debtor Synergistic Technologies (SynTech), based upon her failure to comply with

the court's order dismissing the case. Oyhenart filed an objection to the motion.

Hearing on the creditors' motion was held March 19, 1997. After considering the argument of counsel at hearing and their memoranda the court will grant the motion for show cause order.

### Facts

For purposes of this motion only, the court accepts the essential facts as proffered by the creditor movants. The evidence includes the transcript from the hearing on the United States Trustee's motion to convert or dismiss the case which was held on October 5, 1995, and from which the court's dismissal order was derived.

At the hearing on the trustee's motion, debtor SynTech sought dismissal because its principals had arranged substantial financing for future operations which required it to be out of bankruptcy. Dr. Marta A. Oyhenart, a shareholder of debtor, presented a document signed by her entitled "Commitment Letter." The letter stated that upon dismissal of SynTech's chapter 11 case, she would provide funding to SynTech sufficient to pay the claims of creditors. Oyhenart was to escrow $200,000.00 with SynTech's counsel in order to effectuate payment of the claims. Of the $200,000.00 funding, $100,000.00 was to immediately pay approximately 50 percent of the undisputed, unsecured claims of creditors. The balance of these claims would be paid later in short term installments.

Counsel for Goldberry and Chian appeared at the hearing intending to object to dismissal of the case as their claim had not been scheduled in debtor's petition. At hearing, SynTech's counsel and Oyhenart agreed that the claims of Goldberry and Chian would be recognized in the amount of $100,000.00 and paid pursuant to Oyhenart's commitment letter.

Based on the representations of SynTech's counsel and Oyhenart, this court overruled the objection of the only other party opposing dismissal of the case (a creditor whose claim was disputed by SynTech) and ruled from the bench that the case would be dismissed.

The court's dismissal order was entered on November 28, 1995, almost two months after the hearing. The order found as a matter of fact (1) that Oyhenart had placed $200,000.00 in escrow with SynTech's counsel for the payment of 100 percent of administrative expenses and priority wage claims and for a 50 percent distribution to undisputed general unsecured non-insider claimants "which the debtor acknowledges includes the claims of Goldberry [Properties], Ltd. and [Chian];" (2) that Oyhenart had committed to make provision for the payment of the balance of the claims against SynTech; and (3) that SynTech after the dismissal would have the ability to obtain valuable contracts.

No distribution has ever been made to Goldberry or Chian.

### Discussion And Conclusion Of Law

Goldberry Properties, Ltd., and Liao Shuio Chian "move the court for entry of an order to show cause against Marta A. Oyhenart for [her] failure to comply with" this court's order of November 25, 1995, dismissing SynTech's chapter 11 case. Ultimately, the movants are requesting the court to order Oyhenart to pay their claim of $100,-000.00.

The movants base their motion on the court's equitable powers under 11 U.S.C. § 105(a) and under 28 U.S.C. § 1334(a). The liability asserted has never been litigated, nor is it based upon a proof of claim filed in this case. Rather, it flows from representations made by SynTech representatives at the dismissal hearing on October 5, 1995, and the court's dismissal order.

Oyhenart opposes the motion on several grounds, primarily the court's lack of jurisdiction. According to her present counsel, subsequent to the dismissal of the case, it was determined that Goldberry and Chian were not creditors of SynTech but were instead purchasers of an unsuccessful stock venture. Counsel has also stated that Oyhenart claims to have "certain affirmative defenses and counterclaims." Oyhenart places blame for what took place at hearing upon the creditor movants' counsel's "inaccurate representation of their 'creditor' status."

The record surrounding the court's dismissal of this case makes abundantly clear that SynTech and its shareholder Oyhenart very much wanted the case dismissed, whereas one creditor holding a disputed claim argued for conversion of the case to a chapter 7. At that hearing, SynTech by counsel and Oyhenart individually admitted SynTech's liability of $100,000.00 to the creditor movants here and represented that if the case were dismissed, 50 percent of the creditors' claims would immediately be paid from the funds which Oyhenart was delivering to SynTech's counsel.[1] It was largely upon these representations that the court ruled for dismissal rather than conversion. The dismissal order, apparently prepared by SynTech's counsel, incorporated these findings, although it did not specifically order Oyhenart to make any payment nor provide for the court's retention of jurisdiction following dismissal.

There is irony in the present controversy because in the filed opposition to the instant show cause, Oyhenart's counsel goes to some length to avoid admitting the obvious, either that Oyhenart or her associates or representatives made an error of judgment at the time the case was dismissed or that they subsequently changed their minds about paying the claim of these creditors. Instead, counsel places the blame on the movant's counsel.

JURISDICTION ISSUE

■ Oyhenart's change of heart is disturbing. While the record does not persuade the court that SynTech's counsel or Oyhenart committed a fraud on the court, in the court's view the dismissal order rather explicitly contemplates that Oyhenart would pay the movants' claim as a condition of the court granting dismissal rather than conversion of SynTech's chapter 11 case.

The jurisdiction question is, of course, broader than a dispute over Oyhenart's liability to the two movant creditors. Her counsel argues that this court lacks jurisdiction over the motion because: (1) SynTech's case has

been closed for over one year; (2) Goldberry and Chian are not creditors of SynTech; (3) this is a dispute between nondebtors; and (4) the motion does not arise under title 11 or in a title 11 case, and it is not related to a title 11 case as required by 28 U.S.C. § 1334(b).

The issue of the court's jurisdiction over the present motion is comparable to that in cases where parties return to federal district court seeking enforcement of settlement agreements after their cases have been dismissed. In *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994), the Supreme Court held that federal district courts do not have ancillary jurisdiction to enforce settlement agreements after a case has been dismissed unless there is subject matter federal jurisdiction over the settlement agreement (as distinguished from the original law suit). In its ruling, the Supreme Court recognized that the exercise of ancillary jurisdiction would be appropriate in some circumstances. Thus,

> the [federal district] court is authorized to embody the settlement contract in its dismissal order (or, what has the same effect, retain jurisdiction over the settlement contract) if the parties agree. Absent such action, however, enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction.

*Kokkonen*, 511 U.S. at 381–82, 114 S.Ct. at 1677.[2]

Although *Kokkonen* was not a bankruptcy case, its holding is plainly applicable to bankruptcy courts, for which jurisdiction is also limited. *See In re Hanks*, 182 B.R. 930 (Bankr.N.D.Ga.1995).

The dismissal order in the instant case did incorporate the agreement between Oyhenart and the movants; moreover, as stated above, the recital of that agreement effectively provided for payment of the movants' claim as a condition of the dismissal of the case. From this record I conclude that the court should

---

**1.** SynTech's counsel made the following statement in responding to a question from the court: "... And I am holding in my hand $200,000 for an immediate distribution of 50 percent to all—payment of the administrative claims in full, and a 50 percent distribution to the general unsecured creditors." Hearing transcript, October 5,

1995, p. 6. Oyhenart had also committed to provide for payment of the remaining 50 percent.

**2.** *Cf. Fairfax Countywide Citizens Assoc. v. County of Fairfax, Va.*, 571 F.2d 1299 (4th Cir.1978).

exercise ancillary jurisdiction to entertain the present motion as one "relating to the court's power to protect its proceedings and vindicate its authority." *Kokkonen,* 511 U.S. at 380, 114 S.Ct. at 1676, 11 U.S.C. § 105(a); 28 U.S.C. § 1334(a).

ABSTENTION

In the alternative, Oyhenart argues that the court should abstain from the motion under 28 U.S.C. § 1334(c)(1) (discretionary abstention).

Given the nature of the present controversy, I decline to abstain. It is appropriate that Dr. Oyhenart show cause why she should not comply with the court's order dismissing SynTech's case.

A separate order will be entered granting the motion.

### ORDER

For the reasons stated in the court's memorandum opinion entered today,

IT IS ORDERED that the motion of Goldberry Properties, Ltd., and Liao Shuio Chian for order to show cause is granted. Marta A. Oyhenart is ordered to appear before this court on ＿＿＿＿＿, 1997, at 9:30 A.M. to show cause why this court should not enforce the terms of the court's dismissal order of November 28, 1995, and require her to pay the movants' claim.