[NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT



No. 96-1590
No. 96-2005

JOHN E. PARIGIAN, INDIVIDUALLY AND AS TRUSTEE OF
CLIFTON HEIGHTS REALTY TRUST,

Plaintiff, Appellant,

v.

RICHARD G. LEBLANC AND NANCY E. LEBLANC, INDIVIDUALLY AND AS
TRUSTEES OF R & N REALTY TRUST,

Defendants, Appellees.



APPEALS FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. W. Arthur Garrity, Senior U.S. District Judge] 



Before

Selya, Circuit Judge, 
Cyr, Senior Circuit Judge, 
and Boudin, Circuit Judge. 



John E. Parigian on brief pro se. 
J. Allen Holland, John R. Cavanaugh and Lynch, Brewer, Hoffman & 
Sands, LLP on brief for appellees. 



January 6, 1998


Per Curiam. Plaintiff-appellant John E. Parigian, 

individually and as trustee of Clifton Heights Realty Trust

("the Trust"), appeals pro se from the district court's

Amended Order and Judgment, dated April 19, 1996 (Appeal No.

96-1590) and from the district court's Memorandum and Order

Under Fed. R. Civ. P. 11(c)(1)(B), dated August 8, 1996

(Appeal No. 96-2005). We affirm the district court in both

cases and deny the parties' requests for oral argument.

I. Amended Order and Judgment (Appeal No. 96-1590) 

A. Jurisdiction 

The district court correctly ruled that the judgment

entered by the Court "fits within the description in Kokkanen 

v. Guardian Life Ins. Co., 511 U.S. 375 (1994), of judgments 

in which the Court has retained jurisdiction for purposes of

enforcement." Memorandum and Order on Motion to Enforce

Judgment. In this case, "the parties' obligation to comply

with the terms of the settlement agreement had been made part

of the order." Kokkanen, 511 U.S. at 381. The district 

court's Agreement for Judgment and Order incorporated the

parties' settlement agreement by ordering Parigian,

individually and as trustee of the Trust, to make specific

payments to appellees, Richard G. LeBlanc and Nancy E.

LeBlanc ("the LeBlancs"). Therefore, it is clear that "a

breach of the agreement [is] a violation of the order, and

-2-

ancillary jurisdiction to enforce the agreement . . .

exist[s]." Id. 

B. Whether the Trust is Bound by the Amended Judgment 

The counterclaim itself is ambiguous with regard to

whether Parigian, in his capacity as trustee of the Trust, is

a counterclaim defendant. The rest of the record, however,

strongly suggests that the parties understood the

counterclaim to be against Parigian individually and as

trustee. The counterclaim was based on a promissory note

executed by Parigian, individually and as trustee. In

answering the counterclaim, Parigian identified himself as

"Defendant-in-counterclaim, John E. Parigian and John E.

Parigian as trustee of Clifton Heights Realty Trust."

While the counterclaim was ambiguous about whether

Parigian was included in both capacities, the Agreement for

Judgment and Order was not. The Agreement announced

"[j]udgment for the Plaintiffs-in-Counterclaim Richard G.

LeBlanc and Nancy E. LeBlanc ('the LeBlancs') on the

Counterclaim against Defendant-in-Counterclaim John E.

Parigian, individually and as Trustee of the Clifton Heights

Realty Trust (collectively 'Parigian'), in the amount of

$213,125.00." By agreeing to the entry of that Judgment and

Order, Parigian waived the right to appeal from it. "[A]

party who has agreed to the entry of a judgment without any

-3-

reservation may not thereafter seek to upset the judgment,

save for lack of actual consent or a failure of subject

matter jurisdiction." Cotto v. United States, 993 F.2d 274, 

279 n.5 (1st Cir. 1993).

Finally, even if Parigian had not waived the right to

appeal, we would affirm the district court's ruling that "the

terms of the Agreement identifying Parigian as trustee of the

Clifton Heights Realty Trust supersede any failure to plead a

compulsory counterclaim. . . . [T]he pleadings may be deemed

to have been amended so as to allow for the aforesaid

action." Memorandum and Order on Motion to Enforce Judgment.

Under Fed. R. Civ. P. 15(b), implied consent to amend a

pleading may be found where a claim is "introduced outside

the complaint [or counterclaim] . . . and then treated by the

opposing party as having been pleaded, either through his

effective engagement of the claim or through his silent

acquiescence." Rodriguez v. Doral Mortgage Corp., 57 F.3d 

1168, 1172 (1st Cir. 1995).

In this case, the issue of Parigian's obligation as

trustee was introduced by the attachment to the counterclaim

of a promissory note (which the counterclaim sought to

enforce) executed by Parigian in his individual and trustee

capacities. Parigian clearly treated the counterclaim as

though it had named him in his capacity as trustee by

answering it in both capacities and by agreeing to the terms

-4-

of the Agreement for Judgment and Order which expressly

included Parigian in both capacities. Under these

circumstances, amendment of the counterclaim could not have

prejudiced Parigian and there was no abuse of discretion by

the district court in finding an implied amendment of the

counterclaim. See Lynch v. Dukakis, 719 F.2d 504, 509 (1st 

Cir. 1983).

II. Sanction (Appeal No. 96-2005) 

"It is apodictic that a district court's decision to

impose Rule 11 sanctions is reviewable under an abuse-of-

discretion rubric. Because the decision about whether a

litigant's (or lawyer's) actions merit the imposition of

sanctions is heavily dependent upon the district court's

first-hand knowledge of the case and its nuances, appellate

review is deferential. Thus, a party protesting an order in

respect to sanctions bears a formidable burden in attempting

to convince the court of appeals that the district judge

erred in finding that Rule 11 was or was not violated."

Navarro-Ayala v. Nunez, 968 F.2d 1421, 1425 (1st Cir. 1992) 

(citations omitted).

Parigian has not overcome that formidable burden in this

case. The record fully supports the district court's finding

that Parigian violated Fed. R. Civ. P. 11(b)(2) and (3) when

he represented to the court that "[the LeBlancs] are fully

secured in their position as mortgage holder upon the

-5-

property which is valued at in excess of $800,000." At the

time that he made that statement, the Agreement for Judgment

and Order had entered. It has consistently been Parigian's

position that the mortgage became a nullity after that

judgment entered. The district court did not abuse its

discretion in determining that Parigian's conduct violated

Rule 11. 1 1

The district court's Amended Order and Judgment, dated

April 19, 1996, and the district court's Memorandum and Order

Under Fed. R. Civ. P. 11(c)(1)(B), dated August 8, 1996, are

affirmed. Appellees' Motion to Schedule Oral Argument is 

denied. 

 

1 Although Parigian has not specifically challenged the 1
amount of the sanction, we note that the district court's
findings fully justify the sanction amount which "falls
within the minimum range reasonably required to deter the
abusive behavior." Navarro-Ayala, 968 F.2d at 1426. 

-6-