USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-1590 No. 96-2005 JOHN E. PARIGIAN, INDIVIDUALLY AND AS TRUSTEE OF CLIFTON HEIGHTS REALTY TRUST, Plaintiff, Appellant, v. RICHARD G. LEBLANC AND NANCY E. LEBLANC, INDIVIDUALLY AND AS TRUSTEES OF R & N REALTY TRUST, Defendants, Appellees. ____________________ APPEALS FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. W. Arthur Garrity, Senior U.S. District Judge] __________________________ ____________________ Before Selya, Circuit Judge, _____________ Cyr, Senior Circuit Judge, ____________________ and Boudin, Circuit Judge. _____________ ____________________ John E. Parigian on brief pro se. ________________ J. Allen Holland, John R. Cavanaugh and Lynch, Brewer, Hoffman & ________________ __________________ _________________________ Sands, LLP on brief for appellees. __________ ____________________ January 6, 1998 ____________________ Per Curiam. Plaintiff-appellant John E. Parigian, ___________ individually and as trustee of Clifton Heights Realty Trust ("the Trust"), appeals pro se from the district court's Amended Order and Judgment, dated April 19, 1996 (Appeal No. 96-1590) and from the district court's Memorandum and Order Under Fed. R. Civ. P. 11(c)(1)(B), dated August 8, 1996 (Appeal No. 96-2005). We affirm the district court in both cases and deny the parties' requests for oral argument. I. Amended Order and Judgment (Appeal No. 96-1590) _______________________________________________ A. Jurisdiction ____________ The district court correctly ruled that the judgment entered by the Court "fits within the description in Kokkanen ________ v. Guardian Life Ins. Co., 511 U.S. 375 (1994), of judgments _________________________ in which the Court has retained jurisdiction for purposes of enforcement." Memorandum and Order on Motion to Enforce Judgment. In this case, "the parties' obligation to comply with the terms of the settlement agreement had been made part of the order." Kokkanen, 511 U.S. at 381. The district ________ court's Agreement for Judgment and Order incorporated the parties' settlement agreement by ordering Parigian, individually and as trustee of the Trust, to make specific payments to appellees, Richard G. LeBlanc and Nancy E. LeBlanc ("the LeBlancs"). Therefore, it is clear that "a breach of the agreement [is] a violation of the order, and -2- ancillary jurisdiction to enforce the agreement . . . exist[s]." Id. ___ B. Whether the Trust is Bound by the Amended Judgment __________________________________________________ The counterclaim itself is ambiguous with regard to whether Parigian, in his capacity as trustee of the Trust, is a counterclaim defendant. The rest of the record, however, strongly suggests that the parties understood the counterclaim to be against Parigian individually and as trustee. The counterclaim was based on a promissory note executed by Parigian, individually and as trustee. In answering the counterclaim, Parigian identified himself as "Defendant-in-counterclaim, John E. Parigian and John E. Parigian as trustee of Clifton Heights Realty Trust." While the counterclaim was ambiguous about whether Parigian was included in both capacities, the Agreement for Judgment and Order was not. The Agreement announced "[j]udgment for the Plaintiffs-in-Counterclaim Richard G. LeBlanc and Nancy E. LeBlanc ('the LeBlancs') on the Counterclaim against Defendant-in-Counterclaim John E. Parigian, individually and as Trustee of the Clifton Heights Realty Trust (collectively 'Parigian'), in the amount of $213,125.00." By agreeing to the entry of that Judgment and Order, Parigian waived the right to appeal from it. "[A] party who has agreed to the entry of a judgment without any -3- reservation may not thereafter seek to upset the judgment, save for lack of actual consent or a failure of subject matter jurisdiction." Cotto v. United States, 993 F.2d 274, _____ _____________ 279 n.5 (1st Cir. 1993). Finally, even if Parigian had not waived the right to appeal, we would affirm the district court's ruling that "the terms of the Agreement identifying Parigian as trustee of the Clifton Heights Realty Trust supersede any failure to plead a compulsory counterclaim. . . . [T]he pleadings may be deemed to have been amended so as to allow for the aforesaid action." Memorandum and Order on Motion to Enforce Judgment. Under Fed. R. Civ. P. 15(b), implied consent to amend a pleading may be found where a claim is "introduced outside the complaint [or counterclaim] . . . and then treated by the opposing party as having been pleaded, either through his effective engagement of the claim or through his silent acquiescence." Rodriguez v. Doral Mortgage Corp., 57 F.3d _________ ____________________ 1168, 1172 (1st Cir. 1995). In this case, the issue of Parigian's obligation as trustee was introduced by the attachment to the counterclaim of a promissory note (which the counterclaim sought to enforce) executed by Parigian in his individual and trustee capacities. Parigian clearly treated the counterclaim as though it had named him in his capacity as trustee by answering it in both capacities and by agreeing to the terms -4- of the Agreement for Judgment and Order which expressly included Parigian in both capacities. Under these circumstances, amendment of the counterclaim could not have prejudiced Parigian and there was no abuse of discretion by the district court in finding an implied amendment of the counterclaim. See Lynch v. Dukakis, 719 F.2d 504, 509 (1st ___ _____ _______ Cir. 1983). II. Sanction (Appeal No. 96-2005) _____________________________ "It is apodictic that a district court's decision to impose Rule 11 sanctions is reviewable under an abuse-of- discretion rubric. Because the decision about whether a litigant's (or lawyer's) actions merit the imposition of sanctions is heavily dependent upon the district court's first-hand knowledge of the case and its nuances, appellate review is deferential. Thus, a party protesting an order in respect to sanctions bears a formidable burden in attempting to convince the court of appeals that the district judge erred in finding that Rule 11 was or was not violated." Navarro-Ayala v. Nunez, 968 F.2d 1421, 1425 (1st Cir. 1992) _____________ _____ (citations omitted). Parigian has not overcome that formidable burden in this case. The record fully supports the district court's finding that Parigian violated Fed. R. Civ. P. 11(b)(2) and (3) when he represented to the court that "[the LeBlancs] are fully secured in their position as mortgage holder upon the -5- property which is valued at in excess of $800,000." At the time that he made that statement, the Agreement for Judgment and Order had entered. It has consistently been Parigian's position that the mortgage became a nullity after that judgment entered. The district court did not abuse its discretion in determining that Parigian's conduct violated Rule 11. 1 1 The district court's Amended Order and Judgment, dated April 19, 1996, and the district court's Memorandum and Order Under Fed. R. Civ. P. 11(c)(1)(B), dated August 8, 1996, are affirmed. Appellees' Motion to Schedule Oral Argument is ________ denied. ______  ____________________ 1 Although Parigian has not specifically challenged the 1 amount of the sanction, we note that the district court's findings fully justify the sanction amount which "falls within the minimum range reasonably required to deter the abusive behavior." Navarro-Ayala, 968 F.2d at 1426. _____________ -6-