**SOLV–EX CORPORATION, Plaintiff,**

v.

**Parker QUILLEN, et al., Defendants.**

**No. 96 Civ. 6057 JSR.**

United States District Court,
S.D. New York.

May 17, 1999.

R. Paul Yetter, Keith P. Ellison, Houston, TX, for plaintiff.

Lawrence I. Hoyle, Jr., Arlene Fickler, Philadelphia, PA, Howard Wilson, Robert E. Smith, New York City, for defendant.

### MEMORANDUM ORDER

RAKOFF, District Judge.

On July 24, 1997, at the conclusion of a conference originally convened for the purpose of hearing argument on plaintiff's motion to stay this action pending plaintiff's reorganization under Canadian bankruptcy law, the parties orally consented to dismiss the case without prejudice. *See* transcript, July 24, 1997 ("Tr."). Roughly fifteen months later, plaintiff and another party filed a suit in New Mexico state court against the instant defendants and several others, asserting, *inter alia,* certain claims identical to those previously asserted in the instant action. *See Solv–Ex Corp. v. Deutsche Bank,*

No. CV 98–11647 (Second Judicial District, County of Bernalillo, New Mexico). After removing the New Mexico action to the United States District Court for the District of New Mexico, the instant defendants moved this Court on January 25, 1999 for an order enjoining plaintiff from pursuing the New Mexico action, on the ground that the filing of that suit in another forum violated a condition orally stated by plaintiff's counsel during the July 24, 1997 conference to the effect that the original action, if refiled, would "automatically come back to this Court as a related case." Tr. at 36.

Plaintiff's response was threefold. First, it argued that the voluntary dismissal of the instant suit was by stipulation of the parties under Fed.R.Civ.P. 41(a)(1), rather than by order of the Court under Fed.R.Civ.P. 41(a)(2), and that, accordingly, this Court had no jurisdiction to enforce the terms and conditions of the dismissal, *see Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). Second, plaintiff argued that even if this Court had jurisdiction to grant defendants' motion, the stated condition was intended to assure only that if the case were refiled in the Southern District of New York it would return to this judge, not that the plaintiff was forever binding itself not to refile these claims in another jurisdiction. Finally, plaintiff argued that the parties and claims in the New Mexico action were sufficiently distinct from those involved in the New York action that the New Mexico action could not, despite the overlaps, reasonably be deemed a refiling of the prior action.

Finding itself in substantial agreement with each of plaintiff's arguments, the Court telephonically advised the parties on January 29, 1999 that defendants' motion would be denied. This Memorandum Order will formally confirm that determination and briefly state the reasons therefor.

Federal Rule of Civil Procedure 41(a) provides three mechanisms for dismissing an action at the plaintiff's instance. First, the plaintiff may file a notice of dismissal "at any time before service by the adverse party of an answer or of a motion for summary judgment." Fed.R.Civ.P. 41(a)(1)(i). Second, if either an answer or motion for summary judgment has already been filed, the plaintiff may secure the consent of all parties to a stipulation of dismissal. Fed.R.Civ.P. 41(a)(1)(ii). Finally, the plaintiff may obtain an order of the court dismissing the action "upon such terms and conditions as the court deems proper." Fed.R.Civ.P. 41(a)(2).

■ The first two mechanisms are grouped together in subsection (1) of Rule 41(a) because either of them may be accomplished without leave of court. The difference between them is that a dismissal under subsection (1)(i) is a unilateral dismissal as of right, whereas a dismissal under subsection (1)(ii) is in the nature of a contractual agreement among the parties. Either way, however, the Court before whom the dismissal occurs is ordinarily without jurisdiction to enforce any agreements by the parties regarding the terms and conditions of such dismissals. *See Kokkonen*, 511 U.S. at 380–382, 114 S.Ct. 1673; *Hester Industries, Inc. v. Tyson Foods, Inc.*, 160 F.3d 911 (2d Cir. 1998).

■ By contrast, the third kind of dismissal, set forth separately in subsection (2) of Rule 41(a), requires a court order. Concomitantly, any terms or conditions of that order may be enforced by the court pursuant to its inherent authority "to manage its proceedings, vindicate its authority, and effectuate its decrees." *Kokkonen*, 511 U.S. at 380, 114 S.Ct. 1673.

■ Here, any fair reading of the transcript of the July 24, 1997 conference shows that the dismissal was the result of the parties' voluntary agreement and stipulation pursuant Rule 41(a)(1) rather than by court decree pursuant to Rule 41(a)(2). Specifically, the Court, after expressing reservations about plaintiff's request for a lengthy stay, asked plaintiff's counsel "why isn't it more appropriate for Solv-ex simply to dismiss without prejudice, which it can do on its own as to the Zweig defendants who are the main ones kicking and screaming here and can do with an agreement that . . . clearly would be forthcoming with respect to the other defendants." Tr. at 13. After counsel for the Zweig defendants indicated that for "busi-

ness reasons" his clients supported a voluntary dismissal without prejudice, *id.* at 30, and counsel for the other defendants likewise supported such a dismissal provided plaintiff agreed to toll the statute of limitations as to those defendants' counterclaims, *id.* at 32, plaintiff's counsel stated that "we agree as a plaintiff pursuant to Rule 41 to dismiss the action without prejudice. . . ." Tr. at 36.

With all parties now in agreement, counsel for the Zweig defendants then sought to clarify precisely how the agreement was to be effected:

> MR. SMITH [counsel for the Zweig defendants]: Your honor, I just have the most mundane question. How is this to be effectuated? Is this a stipulation of dismissal upon the record pursuant to Rule 41?
>
> THE COURT: Yes. All right, anything else?
>
> MR. MALONEY [plaintiff's counsel]: Thank you, your Honor.
>
> THE COURT: Very Good. Thank you.
>
> [Proceeding concluded]

Tr. at 37.

The informed use of the word "stipulation" in the above colloquy, and the wholly voluntary and consensual nature of the dismissal that it effected, make evident that the dismissal was pursuant to Rule 41(a)(1). It is true that, later that evening, the Court signed a written order that, after dealing with other matters in the case, recited that "pursuant to the representations of the parties set forth on the record at the hearing, see transcript, the Complaint herein, and all counterclaims thereto, are voluntarily dismissed without prejudice, upon the terms and subject to the conditions specified on the record." *See* Order dated July 24, 1997 (filed July 25, 1997). But in the context of the transcript, which it incorporated by reference, the Court's written order merely confirmed that the case had been dismissed pursuant to the parties' voluntary agreement. *Cf. Hester Industries,* 160 F.3d at 913–916 ("The judge's signature on the stipulation did not change the nature of the dismissal."); *Kokkonen,* 511 U.S. at 376–377, 114 S.Ct. 1673. Accordingly, this Court lacks jurisdiction to enforce the allegedly-violated condition of that dismissal.

■ Moreover, even assuming *arguendo* that the dismissal was pursuant to Rule 41(a)(2) and the Court retained jurisdiction, no condition of the dismissal was in fact violated. Aside from plaintiff's agreement to toll the statute of limitations as to the non-Zweig defendants' counterclaims, the only arguable "condition" of the dismissal was embodied in the statement of plaintiff's counsel that "the case will automatically come back to this Court as a related case." While the word "Court" may sometimes refer to the forum and sometimes to the individual judge, here counsel's use of the words "automatically" and "related case" make clear that counsel was simply restating the requirement of Rule 4(b) of the Southern District of New York Rules for the Division of Business Among District Judges: "If an action, case or proceeding, or one essentially the same, is dismissed and refiled, it shall be assigned to the same judge." The Court itself implicitly recognized, however, that this would be the result only if the case were refiled in the Southern District of New York, but not if it were refiled elsewhere, stating: "if you were to refile in this court, undoubtedly it would wind up before me." Tr. at 15.

Moreover, it was plaintiff's counsel, not defendants' counsel, who emphasized this requirement. Indeed, the Zweig defendants who now seek to enforce what they claim was plaintiff's promise that the case would be refiled (if at all) in the Southern District of New York, had neither answered nor moved at the time of the July 24, 1997 conference and therefore had no basis for seeking any condition of dismissal. *See* Fed.R.Civ.P. 41(a)(1)(i).

Finally, the reason given by plaintiff's counsel for emphasizing that a refiling would be returned to this judge was to avoid the wasteful duplication of effort that might accompany recommencing the action before a new judge. Tr. at 14–15. As the situation stands now, however, granting defendants' motion to force refiling of the original action in this District would run the risk of an equally inefficient bifurcation of the proceedings, because Charter Oak Capital, a plaintiff

in the New Mexico action but not in the New York action, would be free, and perhaps obliged, to proceed in New Mexico while plaintiff Solv–Ex simultaneously proceeded on overlapping claims in New York.

Accordingly, for each of the foregoing reasons, even if the Court had jurisdiction to enforce the alleged condition of refiling, it would still deny defendants' instant motion.

■ While the foregoing determinations render it unnecessary for the Court to decide whether, in any event, the New Mexico suit is sufficiently distinct from the New York action that it cannot be considered a "refiling," the Court notes that the New Mexico action not only involves an additional plaintiff but also additional defendants (at least one of whom is seemingly not subject to jurisdiction in the Southern District of New York) and additional claims. To be sure, the Court is not blind to the forum-shopping aspect of plaintiff's new filing; but Rule 41(a)(1) inherently contemplates that such forum-shopping may occur. Moreover, while considerable discovery had already occurred before the instant lawsuit was dismissed, there had been few judicial determinations, and plaintiff's present counsel represented at oral argument on the instant motion that plaintiff would not seek to relitigate in New Mexico such judicial determinations as had occurred here. *See* transcript, 1/25/99, at 52–53. Thus, any prejudice to defendants from the refiling in a new forum is minimal.

For the foregoing reasons, defendants' motion is denied in all respects.

SO ORDERED.