**Leonard E. TURNER, Plaintiff–Appellant,**

v.

**PUBLISHERS CLEARING HOUSE EXECUTIVES, Defendant–Appellee.**

**No. 01–3794.**

United States Court of Appeals, Seventh Circuit.

Submitted July 11, 2002 *.

Decided July 17, 2002.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f).

Before EASTERBROOK, DIANE P. WOOD, WILLIAMS, Circuit Judges.

**Order**

Leonard Turner believes that he won a contest conducted by Publishers Clearing House (PCH). When he did not receive the money that he contends is his due, he filed in the Western District of Virginia a document purporting to charge Publishers Clearing House Executives (PCHE, a general partnership that is the general partner of PCH, a limited partnership) with criminal perjury. Seemingly indifferent to the fact that private citizens cannot initiate criminal prosecutions in federal court, to the need for federal jurisdiction, and to the fact that PCHE would in any event be the wrong entity to sue, Turner also demanded $11.7 million in damages.

Two years before Turner commenced his case in Virginia, a class action in the Southern District of Illinois presented the question whether PCH's contest notifications were deceptive. In that suit federal jurisdiction rested on the Racketeer Influenced and Corrupt Organizations Act. Turner is a member of the class certified in the Illinois litigation, which was settled in 1999. The district court approved the settlement in February 2000 and as part of the judgment enjoined any related suits by class members arising out of PCH's promotions during the class period (February 3, 1992, through June 30, 1999). See generally *Vollmer v. Publishers Clearing House*, 248 F.3d 698 (7th Cir.2001). Two months after that injunction was entered, Turner filed his suit in Virginia. The district judge there transferred the suit to Illinois under 28 U.S.C. § 1404(a) in light of the class action, and the district judge in Illinois dismissed the suit as barred by claim preclusion (res judicata) in light of the settlement and release.

Turner's suit would not come within federal jurisdiction as an original matter, but it was properly resolved under the supplemental jurisdiction, see 28 U.S.C. § 1367, in light of the class action. To the extent that Turner questions the procedures used to resolve the class action, the district court had supplemental jurisdiction to resolve that challenge; what is more, the district court had jurisdiction to enforce its judgment (including the anti-suit injunction). See *Kokkonen v. Guardian Life Insurance Co.*, 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994).

Turner's brief in this court does not pay any attention to the ground on which he lost in the district court or contain any recognizable legal argument. Instead it contends that Turner is not bound by legal rules to the extent they are adverse to his interests. He asserts: "I, Leonard E. Turner, have the right to sue anyone that I feel owes me money, under the laws of any district . . . I am not a part of the Vollmer Class Action because no one has the right to use my name in any manner unless I say yes." Turner is mistaken. Under Fed.R.Civ.P. 23 every member of a class is bound by the judgment unless he opts out; it is not necessary to opt *in*. Moreover, a class member (or other litigant) must obey an injunction unless and until that injunction has been set aside on appeal—and this is so even if not only the litigant but also a higher court thinks the injunction erroneous. See *Pasadena City Board of Education v. Spangler*, 427 U.S. 424, 433, 96 S.Ct. 2697, 49 L.Ed.2d 599 (1976).

So the judgment dismissing Turner's suit must be affirmed. Turner should recognize that he dodged a bullet. The district court dismissed the suit without invoking any of the penalties for contempt of court, which can be substantial. Cf. Fed.

R.Civ.P. 11. Tempting fate a second time would not be prudent.

AFFIRMED