

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-14-2005

# Malarik v. Dinunno Entr Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2535

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Malarik v. Dinunno Entr Inc" (2005). *2005 Decisions.* Paper 113.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/113

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-2535

_____

JAMES M. MALARIK,
                    Appellant

v.

DINUNNO ENTERPRISES, INC., Pennsylvania
License R-110, owned and operated by
Antonio and Susan Dinunno, husband and wife,
a/k/a Toninos Lounge

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 05-cv-00036)
District Judge: Honorable Thomas M. Hardiman

_____

Submitted Under Third Circuit LAR 34.1(a)
December 13, 2005
Before:  BARRY, STAPLETON and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Filed December 14, 2005)

_____

OPINION

_____

PER CURIAM

    Appellant James M.  Malarik, a resident of Pennsylvania, filed a civil complaint in

United States District Court for the Western District of Pennsylvania against a

Pennsylvania business and its owner-operators, alleging personal injuries.  The District

Court dismissed the case without prejudice for lack of federal subject matter jurisdiction in an order entered on April 14, 2005.  Malarik appeals.

We will affirm.  Our review of the District Court's dismissal of a complaint for lack of subject matter jurisdiction is plenary.  Gould Electronics, Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000).  Federal subject matter jurisdiction is lacking for the reasons given by the District Court.  Federal courts are courts of limited jurisdiction. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994).  Subject matter jurisdiction is conferred where the parties are from different states, that is, diverse, and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332, and also when a federal question is presented, 28 U.S.C. § 1331.

Malarik's complaint, if it can be maintained at all, can only be maintained in state court, because jurisdiction based on diversity of citizenship is not available when the parties are all Pennsylvania citizens or businesses, as they are here.  Moreover, no federal question is presented by a personal injury lawsuit that alleges only common law torts against a private party, and does not allege a deprivation of federal constitutional rights or the elements of a cause of action under a federal statute.  We agree with the District Court that Malarik's suit, involving injuries suffered as a result of an altercation at a bar, does not, and could not, satisfy the jurisdictional prerequisites for suit in federal court.

We will affirm the order of the District Court dismissing the action without prejudice for lack of subject matter jurisdiction.

2