# KOKKONEN *v.* GUARDIAN LIFE INSURANCE COMPANY OF AMERICA

No. 93–263.   Argued March 1, 1994—Decided May 16, 1994

SCALIA, J., delivered the opinion for a unanimous Court.

*Michael Reynolds Jencks* argued the cause and filed briefs for petitioner.

*Frank C. Morris, Jr.*, argued the cause for respondent. With him on the brief were *Thomas R. Bagby* and *Andrea R. Calem.**

JUSTICE SCALIA delivered the opinion of the Court.

After respondent Guardian Life Insurance Company[1] terminated petitioner's general agency agreement, petitioner brought suit in California Superior Court alleging various state-law claims. Respondent removed the case to the United States District Court for the Eastern District of California on the basis of diversity jurisdiction and filed state-law counterclaims. After closing arguments but before the District Judge instructed the jury, the parties arrived at an oral agreement settling all claims and counterclaims, the substance of which they recited, on the record, before the District Judge in chambers. In April 1992, pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii), the parties executed a

---

*A brief of *amici curiae* urging reversal was filed for the State of Ohio et al. by *Lee Fisher*, Attorney General of Ohio, *Richard A. Cordray*, State Solicitor, and *Simon B. Karas*, *Charles E. Cole*, Attorney General of Alaska, *John Payton*, Corporation Counsel of the District of Columbia, *Roland W. Burris*, Attorney General of Illinois, *Robert T. Stephan*, Attorney General of Kansas, *Scott Harshbarger*, Attorney General of Massachusetts, *Joe Mazurek*, Attorney General of Montana, *Susan B. Loving*, Attorney General of Oklahoma, *Ernest D. Preate, Jr.*, Attorney General of Pennsylvania, and *Stephen Rosenthal*, Attorney General of Virginia.

[1] Guardian Life is the sole respondent. The Guardian Insurance and Annuity Corporation and the Guardian Investor Services Corporation were listed as appellees below, but in fact they had been dismissed prior to trial.

Stipulation and Order of Dismissal with Prejudice, dismissing the complaint and cross-complaint. On April 13, the District Judge signed the Stipulation and Order under the notation "It is so ordered." The Stipulation and Order did not reserve jurisdiction in the District Court to enforce the settlement agreement; indeed, it did not so much as refer to the settlement agreement.

Thereafter the parties disagreed on petitioner's obligation to return certain files to respondent under the settlement agreement. On May 21, respondent moved in the District Court to enforce the agreement, which petitioner opposed on the ground, *inter alia*, that the court lacked subject-matter jurisdiction. The District Court entered an enforcement order, asserting an "inherent power" to do so. Order Enforcing Settlement (ED Cal., Aug. 19, 1992), App. 180. Petitioner appealed, relying solely on his jurisdictional objection. The United States Court of Appeals for the Ninth Circuit affirmed, quoting its opinion in *Wilkinson* v. *FBI*, 922 F. 2d 555, 557 (1991), to the effect that after dismissal of an action pursuant to a settlement agreement, a " '[district court ha[s] jurisdiction to decide the [enforcement] motion[] under its inherent supervisory power.' " App. to Pet. for Cert. A–5 (Apr. 27, 1993) (unpublished), judgt. order reported at 993 F. 2d 883 (1993) (final brackets in original). We granted certiorari, 510 U. S. 930 (1993).

Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, see *Willy* v. *Coastal Corp.*, 503 U. S. 131, 136–137 (1992); *Bender* v. *Williamsport Area School Dist.*, 475 U. S. 534, 541 (1986), which is not to be expanded by judicial decree, *American Fire & Casualty Co.* v. *Finn*, 341 U. S. 6 (1951). It is to be presumed that a cause lies outside this limited jurisdiction, *Turner* v. *Bank of North-America*, 4 Dall. 8, 11 (1799), and the burden of establishing the contrary rests upon the party asserting jurisdiction, *McNutt* v. *General Motors Acceptance Corp.*, 298 U. S. 178, 182–183 (1936).

The dismissal in this case issued pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii), which provides for dismissal "by filing a stipulation of dismissal signed by all parties who have appeared in the action," and causes that dismissal to be with prejudice if (as here) the stipulation so specifies. Neither the Rule nor any provision of law provides for jurisdiction of the court over disputes arising out of an agreement that produces the stipulation. It must be emphasized that what respondent seeks in this case is enforcement of the settlement agreement, and not merely reopening of the dismissed suit by reason of breach of the agreement that was the basis for dismissal. Some Courts of Appeals have held that the latter can be obtained under Federal Rule of Civil Procedure 60(b)(6).[2] See, e. g., Keeling v. Sheet Metal Workers Int'l Assn., 937 F. 2d 408, 410 (CA9 1991); Fairfax Countywide Citizens Assn. v. Fairfax County, 571 F. 2d 1299, 1302–1303 (CA4 1978). But see Sawka v. Healtheast, Inc., 989 F. 2d 138, 140–141 (CA3 1993) (breach of settlement agreement insufficient reason to set dismissal aside on Rule 60(b)(6) grounds); Harman v. Pauley, 678 F. 2d 479, 480–481 (CA4 1982) (Rule 60(b)(6) does not require vacating dismissal order whenever a settlement agreement has been breached). Enforcement of the settlement agreement, however, whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction.

Respondent relies upon the doctrine of ancillary jurisdiction, which recognizes federal courts' jurisdiction over some matters (otherwise beyond their competence) that are incidental to other matters properly before them. Respondent appeals to our statement (quoting a then-current treatise on

---

[2] The relevant provision of that Rule reads as follows:

"On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . (6) any other reason justifying relief from the operation of the judgment."

equity) in *Julian* v. *Central Trust Co.*, 193 U. S. 93 (1904): "A bill filed to continue a former litigation in the same court . . . to obtain and secure the fruits, benefits and advantages of the proceedings and judgment in a former suit in the same court by the same or additional parties . . . or to obtain any equitable relief in regard to, or connected with, or growing out of, any judgment or proceeding at law rendered in the same court, . . . is an ancillary suit." *Id.*, at 113–114 (citing 1 C. Bates, Federal Equity Procedure § 97 (1901)).

The doctrine of ancillary jurisdiction can hardly be criticized for being overly rigid or precise, but we think it does not stretch so far as that statement suggests. The expansive language of *Julian* can be countered by (equally inaccurate) dicta in later cases that provide an excessively limited description of the doctrine. See, *e. g.*, *Fulton Nat. Bank of Atlanta* v. *Hozier*, 267 U. S. 276, 280 (1925) ("[N]o controversy can be regarded as dependent or ancillary unless it has direct relation to property or assets actually or constructively drawn into the court's possession or control by the principal suit"). The holding of *Julian* was not remotely as permissive as its language: Jurisdiction was based upon the fact that the court, in a prior decree of foreclosure, had *expressly reserved* jurisdiction to adjudicate claims against the judicially conveyed property, and to retake and resell the property if claims it found valid were not paid. 193 U. S., at 109–112.

It is to the holdings of our cases, rather than their dicta, that we must attend, and we find none of them that has, for purposes of asserting otherwise nonexistent federal jurisdiction, relied upon a relationship so tenuous as the breach of an agreement that produced the dismissal of an earlier federal suit. Generally speaking, we have asserted ancillary jurisdiction (in the very broad sense in which that term is sometimes used) for two separate, though sometimes related, purposes: (1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interde-

pendent, see, *e. g., Baker* v. *Gold Seal Liquors, Inc.*, 417 U. S. 467, 469, n. 1 (1974); *Moore* v. *New York Cotton Exchange*, 270 U. S. 593, 610 (1926); and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees, see, *e. g., Chambers* v. *NASCO, Inc.*, 501 U. S. 32 (1991) (power to compel payment of opposing party's attorney's fees as sanction for misconduct); *United States* v. *Hudson*, 7 Cranch 32, 34 (1812) (contempt power to maintain order during proceedings). See generally 13 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3523 (1984); cf. 28 U. S. C. § 1367 (1988 ed., Supp. IV).

Neither of these heads supports the present assertion of jurisdiction. As to the first, the facts underlying respondent's dismissed claim for breach of agency agreement and those underlying its claim for breach of settlement agreement have nothing to do with each other; it would neither be necessary nor even particularly efficient that they be adjudicated together. No case of ours asserts, nor do we think the concept of limited federal jurisdiction permits us to assert, ancillary jurisdiction over any agreement that has as part of its consideration the dismissal of a case before a federal court.

But it is the second head of ancillary jurisdiction, relating to the court's power to protect its proceedings and vindicate its authority, that both courts in the present case appear to have relied upon, judging from their references to "inherent power," see App. to Pet. for Cert. A–2 and A–5; App. 180. We think, however, that the power asked for here is quite remote from what courts require in order to perform their functions. We have recognized inherent authority to appoint counsel to investigate and prosecute violation of a court's order. *Young* v. *United States ex rel. Vuitton et Fils S. A.*, 481 U. S. 787 (1987). But the only order here was that the suit be dismissed, a disposition that is in no way flouted or imperiled by the alleged breach of the settlement agree-

ment. The situation would be quite different if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal—either by separate provision (such as a provision "retaining jurisdiction" over the settlement agreement) or by incorporating the terms of the settlement agreement in the order. In that event, a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist. That, however, was not the case here. The judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of his order.

The short of the matter is this: The suit involves a claim for breach of a contract, part of the consideration for which was dismissal of an earlier federal suit. No federal statute makes that connection (if it constitutionally could) the basis for federal-court jurisdiction over the contract dispute. The facts to be determined with regard to such alleged breaches of contract are quite separate from the facts to be determined in the principal suit, and automatic jurisdiction over such contracts is in no way essential to the conduct of federal-court business. If the parties *wish* to provide for the court's enforcement of a dismissal-producing settlement agreement, they can seek to do so. When the dismissal is pursuant to Federal Rule of Civil Procedure 41(a)(2), which specifies that the action "shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper," the parties' compliance with the terms of the settlement contract (or the court's "retention of jurisdiction" over the settlement contract) may, in the court's discretion, be one of the terms set forth in the order. Even when, as occurred here, the dismissal is pursuant to Rule 41(a)(1)(ii) (which does not by its terms empower a district court to attach conditions to the parties' stipulation of dismissal) we think the court is authorized to embody the settlement contract in its dismissal order

(or, what has the same effect, retain jurisdiction over the settlement contract) if the parties agree. Absent such action, however, enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction.

We reverse the judgment of the Court of Appeals and remand the case for further proceedings consistent with this opinion.

*It is so ordered.*