TRAVELER TRADING CO., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court Nos. 91–02–00084, 92–12–00829 and 93–09–00637

(Decided May 24, 1996)

*Hellring, Lindeman, Goldstein & Siegal (Richard D. Shapiro* and *John A. Adler)* for plaintiff.

*Frank W. Hunger,* Assistant Attorney General, *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice *(John J. Mahon), Laura R. Siegl,* Office of Assistant Chief Counsel, United States Customs Service, of counsel, for defendant.

### OPINION AND ORDER

DICARLO, *Chief Judge:* Plaintiff has moved this court for an order enforcing a settlement agreement and stipulated judgments entered into between Traveler Trading Co. and the United States of America (Customs), intended to resolve classification litigation involving imports of Halloween costumes brought under Court Nos. 91–02–00084, 92–12–00829 and 93–09–00637. The settlement agreement provided that (1) Customs would issue a memorandum indicating

---

[18] Rule 56(g) requires affidavits from the party opposing the motion establishing reasons it cannot provide proof in opposition. The rule does not contemplate correction of failure of discovery by the moving party, and in any case an extension of discovery is discretionary.

that, in the future, "all costumes [imported by Traveler] of flimsy nature and construction lacking durability and generally recognized as not normal articles of apparel shall be classified as festive articles under section 95.05.9060 of the Harmonized Tariff Schedule of the United States," *(see* Traveler-Customs Settlement Agreement, at 2,) and (2) both parties would enter into stipulated judgments in the above-captioned cases in which the imported Halloween costumes would be reclassified and reliquidated as festive articles, rather than wearing apparel, *(see id.* at 2–3 and Stipulated Judgments on Agreed Statement of Facts for Court Nos. 91–02–00084, 92–12–00829 and 93–09–00637).

On January 13, 1995, Customs denied Traveler's protest concerning the classification of 1,596 dozen pairs of 100% Nylon Panty Hose. (Def.'s Resp. to Pl.'s Mot. to Enforce Settlement Agreement and J. at 3.) Traveler had contested Customs classification of the merchandise as wearing apparel, claiming that the merchandise was identical to the "costume tights" reclassified and reliquidated as festive articles under the stipulated judgment entered into in Court No. 93–09–00637. (Pl.'s Mem. of Law in Supp. of Mot. to Enforce J. at 8.) After a review of samples submitted pursuant to a Customs request, Customs determined the merchandise was not subject to the settlement agreement or the subsequent Customs memorandum, because it found the items were identical to typical women's hosiery and were not of flimsy construction. (Def.'s Resp. to Pl.'s Mot. to Enforce Settlement Agreement and J. at 4.) Traveler then commenced this action to enforce the settlement agreement and stipulated judgments, and also initiated a separate action (Court No. 95–06–00790) to challenge Customs' denial of Traveler's protest.

Regardless of the merits of Traveler's case, Traveler has improperly attempted to reopen litigation under Court Nos. 91–02–00084, 92–12–00829 and 93–09–00637 in moving for enforcement of the settlement agreement and stipulated judgments reached in this litigation. *See generally Kokkonen v. Guardian Life Insurance Co. of America,* 114 S.Ct. 1673, 1675–76 (1994) (noting enforcement of settlement agreement is more than just continuation or renewal of dismissed suit, and requires its own basis for jurisdiction). As Traveler conceded during oral argument, Customs has fully complied with the terms of the stipulated judgments, reliquidating the merchandise involved in the litigation and issuing refunds as necessary. The stipulated judgments in no way referenced the settlement agreement, and did not incorporate the agreement's terms. If and to the extent that the settlement agreement and the Customs memorandum prospectively bind Customs to certain classification decisions, that issue is properly raised in a separate action involving newly imported merchandise subject to those classification terms and independent of this settled litigation. Indeed, Traveler has already filed at least three such actions which are currently pending before this court. Issues involving the prospective operation of the settlement agreement and the Customs memorandum are properly raised during those cases.

CONCLUSION

Because final stipulated judgments have been entered and the parties have fully complied with the terms of the final judgments in the above-captioned cases, the court lacks jurisdiction to entertain Traveler's Motion to Enforce Settlement Agreement and Judgment in the above-captioned cases. Therefore, it is hereby

ORDERED that plaintiff's motion under Court Nos. 91–02–00084, 92–12–00829 and 93–09–00637 to enforce a settlement agreement and stipulated judgments is denied.