**F I L E D**
**United States Court of Appeals
Tenth Circuit**

**JUN 15 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ELMER PALMER,

      Plaintiff-Appellant,

v.

SPRINT/UNITED MANAGEMENT
SERVICES COMPANY; ROBERT
THOMPSON; JOHN LAUSTER;
SUSAN OTT,

      Defendants-Appellees.

No. 00-3289
(D.C. No. 99-CV-2576-JWL)
(D. Kan.)

---

**ORDER AND JUDGMENT** *

---

Before **SEYMOUR** , **BRORBY** , and **BRISCOE** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff seeks review of the district court's dismissal of his action against Sprint, which alleges violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., and the Age Discrimination in Employment Act (ADEA) 29 U.S.C. §§ 621-634(b). The court granted defendants' motion to dismiss, holding that plaintiff failed to show excusable neglect for not responding to the motion. Alternatively, the court determined that plaintiff's Title VII and ADEA claims were barred by res judicata and that his retaliation claim was barred for failure to exhaust administrative remedies. We review the district court's dismissal de novo, accepting as true all well-pleaded facts and viewing those facts in a light most favorable to the non-moving party. Maher v. Durango Metals, Inc., 144 F.3d 1302, 1304 (10th Cir. 1998).

Plaintiff first filed suit against defendants in November 1996, claiming violations of Title VII and the ADEA and racial discrimination in violation of 42 U.S.C. § 1981, arising out of his employment with Sprint. The district court dismissed the Title VII and ADEA claims because plaintiff had failed to file the action within the ninety-day time period specified in 42 U.S.C. § 2000e-5(f)(1). Palmer v. Sprint, No. 96-2503-GTV, 1997 WL 383065, at *2 (D. Kan. June 18, 1997) (Palmer I), but denied defendant's motion to dismiss the § 1981 claim. Id. at *2. The parties later stipulated to an order dismissing the § 1981 claim with prejudice.

-2-

Plaintiff filed this action in December 1999, alleging essentially the same violations and time frame, and stating that the EEOC had issued his right-to-sue letter in August 1996. The district court ordered him to show cause why the matter should not be dismissed as barred by his "failure to timely file suit within 90 days of receipt of his notice of right to sue." R. doc. 5 at 3. In response, plaintiff claimed defendants obtained the Palmer I stipulated dismissal by making false and misleading promises of professional placement services until he could be placed in a comparable or higher position, and continued service with defendants "as long as needed to remain gainfully employed." R. doc. 10 at 2. Plaintiff also claimed defendants misled him in retaliation for filing the 1996 complaint.

Defendants moved to dismiss the complaint. They contended service of process was improper and the action was barred by res judicata. With respect to the retaliation claim, defendants asserted that plaintiff had failed to exhaust his administrative remedies. Plaintiff did not timely respond to the motion to dismiss, instead stating in his response to the show cause order that he "struggles with meeting timeliness of filing all documents." R. doc. 20 at 3. The district court held that plaintiff had failed to establish excusable neglect for not responding to the show cause order, but nonetheless alternatively considered the merits of defendants' motion to dismiss.

Citing King v. Union Oil Co., 117 F.3d 443, 445 (10th Cir. 1997), the court held that the issues raised were the same as those raised in the previous lawsuit and were therefore barred by the doctrine of res judicata. The court also determined that insofar as plaintiff asserted a retaliation claim based on defendants' alleged conduct in connection with the settlement underlying the dismissal of Palmer I, plaintiff had failed to exhaust administrative remedies. Finally, the court declined to exercise jurisdiction over plaintiff's state law claims for fraud or breach of contract based on the settlement agreement, dismissing those claims without prejudice.

On appeal, plaintiff recites that the parties in Palmer I jointly moved to dismiss pursuant to Rule 41. He claims when he determined that Sprint's promise of placement services was "illusory and that Sprint had no intention of having the [plaintiff] placed in a new position," he made efforts "to set aside the stipulation and reinstate his original claim," Appellant's Br. at 6, which he labels as filing a "new petition to reinstate or reopen his original complaint," id. at 5-6.

Plaintiff apparently recognizes that he "was precluded from filing a motion under [Fed. R. Civ. P.] Rule 60(b) to vacate the [1997 judgment]" because that action was dismissed more than a year before he filed his "independent action to vacate the order." Id. at 10. Nonetheless, he asks us to vacate the district court's

dismissal of Palmer I, while also affirmatively stating that he is not repleading either the Title VII or ADEA claims dismissed as part of Palmer I.

Plaintiff is correct that Rule 60(b) does not provide a basis for reopening the decision in Palmer I. Nor is there jurisdiction to enforce the settlement agreement because the agreement was not embodied in the stipulated dismissal. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 380-82 (1994). Absent reservation by the district court, "ancillary jurisdiction is unavailable to enforce a settlement agreement; there must be an independent basis for federal jurisdiction." Morris v. City of Hobart, 39 F.3d 1105, 1110-11 (10th Cir. 1994) (citing Kokkonen). Plaintiff has asserted no such independent basis; rather, it is clear he wishes to revisit the earlier lawsuit, an action that was voluntarily dismissed with prejudice. See Appellant's Br. at 15. We agree with the district court that it lacked jurisdiction to simply vacate the 1997 dismissal and reinstitute this action.

The judgment of the United States District Court for the District of Kansas is **AFFIRMED**. The mandate shall issue forthwith.

Entered for the Court

Stephanie K. Seymour
Circuit Judge