### KINGVISION PAY–PER–VIEW CORP., Plaintiff,

v.

### MARDI GRAS, INC., Defendant.

### No. 3:98–CV–73(DF).

United States District Court,
M.D. Georgia,
Athens Division.

Jan. 30, 2002.

Christopher R. Williams, Alpharetta, GA, for plaintiff.

Jeffrey A. Rothman, Athens, GA, for defendant.

### ORDER

FITZPATRICK, District Judge.

Plaintiff filed this action on July 6, 1998, alleging that Sandra Gardner unlawfully intercepted and exhibited a closed-circuit broadcast of a boxing match between Mike Tyson and Evander Holyfield. Ms. Gardner filed an answer on September 17, 1998.[1] Upon consent of the parties, the Court entered an order on February 22, 1999, granting Plaintiff permission to amend the complaint to add Mardi Gras, Inc., as a Defendant. After Plaintiff filed an amended complaint, Mardi Gras executed a waiver of service on April 12, 1999, in which it explicitly acknowledged that the failure to answer or file a Rule 12 motion within 60 days after March 11, 1999, could result in a default judgment being entered against it. On September 17, 1999, Plaintiff moved for a default judgment against Mardi Gras, which the Court granted on September 30, 1999, on the ground that Mardi Gras had failed to plead or otherwise defend within an appropriate time. In its order granting Plaintiff a default judgment, the Court awarded $40,000 in statutory damages, $1,095 in attorney fees, and $150 in costs, for a total award of $41,245.

Subsequent to the Court's entry of the default judgment against Mardi Gras, the parties reached an agreement settling the case. The Court then entered its standard order of dismissal on October 12, 1999. That order provides in its entirety as follows:

> The court has been advised by counsel for the parties that the above action has been settled; the settlement agreement of the parties is hereby adopted and made the order of the court. Jurisdiction is retained to enforce said agreement.
>
> IT IS THEREFORE ORDERED that the action be dismissed without costs other than those due this court and without prejudice to the right, upon good cause shown within ninety (90) days, to reopen the action if settlement is not consummated. If the action is not reopened, it shall stand dismissed, with prejudice.
>
> IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this order by United States mail upon the attorneys of record for the parties appearing in this case.

When Plaintiff did not receive the money that Mardi Gras had agreed to pay in

---

1. Ms. Gardner has since been dismissed from the case.

settlement of the case, it filed a motion to reopen the case pursuant to the October 12 order. Mardi Gras did not respond, and the Court entered an order on January 25, 2000, granting Plaintiff's motion, the effect of which was to reopen the case and reinstate the default judgment. On March 9, 2000, the Court issued a writ of execution in the amount of $41,245. More than a year and a half later, Mardi Gras filed a motion to stay enforcement of the writ of execution and a motion to enforce the settlement agreement or to set aside the default judgment. On December 27, 2001, the Court entered an order staying enforcement of the writ of execution until it issued a decision on the motion to enforce the settlement agreement or set aside the default judgment. On January 4, 2002, the Court held an evidentiary hearing to facilitate its decision on that motion, but the parties chose to present arguments only. The motion to enforce the settlement agreement or set aside the default judgment is now before the Court.

Relying on *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994), Mardi Gras argues that the Court lacked jurisdiction to reopen the case and reinstate the default judgment. In that case, the Supreme Court held that the district court lacked jurisdiction to enforce a settlement agreement because the order of dismissal did not retain jurisdiction in the district court for that purpose. *See id.* at 381, 114 S.Ct. 1673. As the Court explained, an action to enforce a settlement agreement is merely a claim for breach of contract; thus, "enforcement of [a] settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction." *Id.* at 381–82, 114 S.Ct. 1673.

■ The flaw in Mardi Gras' argument is that it confuses the Court's jurisdiction to enforce the settlement agreement with the Court's power to vacate its order of dismissal and reopen the case. Because enforcing a settlement agreement and reopening a case are distinct actions, it is incorrect to argue that a district court lacked jurisdiction to reopen a case. The jurisdiction question is relevant only with respect to enforcing a settlement agreement; this is what *Kokkonen* deals with. However, a district court that has jurisdiction over a case from its inception does not lose jurisdiction to reopen the case after dismissal. The Supreme Court recognized this distinction in *Kokkonen* when it observed, "Enforcement of the settlement agreement, however, whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit...." *Id.* at 378, 114 S.Ct. 1673. That is why the Court went on to hold that an action to enforce a settlement agreement "requires its own basis for jurisdiction." *Id.* This case does not involve an alleged breach of the settlement agreement, nor does it involve an attempt to enforce the settlement agreement. Although Plaintiff could have filed a separate action in state court to enforce the settlement agreement based on Mardi Gras' breach, it chose not to take that route. Instead, Plaintiff simply sought to reopen the case pursuant to the October 12 order because the parties never consummated the settlement. Thus, the Court finds that *Kokkonen* is inapposite.

■ Here, the parties reached an agreement to settle the case for $5,000. According to the agreement, an initial payment of $1,000 was due immediately, and the remaining $4,000 was due within 90 days. The parties do not dispute the fact that Mardi Gras paid the initial $1,000, but Plaintiff claims that it never received the remaining $4,000. Mardi Gras contends that it mailed Plaintiff a check for $4,000, but Plaintiff never received that check. Mardi Gras had the opportunity to present

evidence to the contrary (e.g., a cancelled check) at the January 4 hearing, but it failed to do so. Therefore, the Court finds that there was no settlement because the settlement agreement was never consummated within the meaning of the October 12 order. *See* Black's Law Dictionary 312 (6th ed.1990) (defining "consummate" as "[t]o finish by completing what was intended; bring or carry to utmost point or degree; carry or bring to completion; finish; perfect; fulfill; achieve"). Accordingly, reopening this case was appropriate under the plain language of the October 12 order.

For the foregoing reasons, Mardi Gras' motion to enforce the settlement agreement or set aside the default judgment (tab # 26) is **DENIED.**[2]

SO ORDERED, this 30th day of January, 2002.

---

**2.** In Plaintiff's supplemental brief, it requests that the Court award attorney fees and costs for responding to Mardi Gras' motion. To the extent that Plaintiff's request is properly before the Court, it is DENIED.