FILED

JUN 3 0 2009

Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Julia Miller,                          )
                                       )
            Plaintiff,                 )
                                       )
      v.                               )   Civil Action No.   09 1199
                                       )
College Financial Advisory,            )
                                       )
            Defendant.                 )

## MEMORANDUM OPINION

Plaintiff has filed an application to proceed in forma pauperis and a pro se complaint. The application to proceed in forma pauperis will be granted and the complaint will be dismissed for lack of jurisdiction.

The complaint asserts that the defendant, which appears to be an on-line non-profit organization (www.collegefinadv.org), has been non-responsive to her requests for information and service. Compl. at 1, 2. The complaint asks "the United States District Court for the District of Columbia to validate that the[] agency is not fraudulent, scheming, or cunning on the public." *Id.* at 2. The complaint also "would like to know if the[] agency intends on giving [the plaintiff] access to other financial aid programs and services [and whether it will] accommodate [the plaintiff's] proposal from www.applestore.com, . . . ." *Id.*

Plaintiff apparently misunderstands the work of a federal district court. A federal court is a court of limited jurisdiction, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), which is restricted to hearing and deciding actual cases or controversies. "No principle is more fundamental to the judiciary's proper role in our system of government than the

constitutional limitation of federal-court jurisdiction to actual cases or controversies." *Simon v. Eastern Ky. Welfare Rights Organization,* 426 U.S. 26, 37 (1976) (quoted in *Raines v. Byrd,* 521 U.S. 811, 818 (1997) and *DaimlerChrysler Corp. v. Cuno,* 547 U.S. 332, 341 (2006)). The complaint in this case does not identify any case or controversy. It also does not identify any injury the plaintiff has suffered because of defendant's actions, which is an essential component of a case or controversy. *See Lujan v. Defenders of Wildlife,* 54 U.S. 555, 559 (1992). Accordingly, the complaint will be dismissed for lack of subject matter jurisdiction.

A separate order accompanies this memorandum opinion.

United States District Judge

Date:

6/26/09

2