JUDGMENT

PER CURIAM.
This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief and appendix filed by appellant. See Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is
ORDERED AND ADJUDGED that the district court’s order filed February 24, 2010, dismissing appellant’s complaint for lack of subject matter jurisdiction, be affirmed. The district courts of the United States are “courts of limited jurisdiction. They possess only that power authorized by Constitution and statute.” Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). The district courts have jurisdiction in “federal question” cases, i.e., civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. The district courts also have jurisdiction in “diversity” cases, i.e., civil actions between citizens of different U.S. states or between U.S. citizens and foreign citizens or foreign states, provided the matter in controversy exceeds $75,000. 28 U.S.C. § 1332. In this case, because appellant established neither federal-question jurisdiction nor diversity jurisdiction (no amount in controversy was pleaded), the district court lacked jurisdiction.
Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R.App. P. 41(b); D.C.Cir. Rule 41.