[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-14107
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 19, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-00627-CV-CAP-1

RENATO CAPPUCCITTI,
on behalf of himself and all
others similarly situated,

Plaintiff-Appellee,

versus

DIRECTV, INC.,
a California Corporation,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 19, 2010)

Before TJOFLAT, WILSON and EBEL,[*] Circuit Judges.

TJOFLAT, Circuit Judge:

_____

[*] Honorable David M. Ebel, United States Circuit Judge for the Tenth Circuit, sitting by designation.

I.

This is a class action brought under the provisions of the Class Action

Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (codified in

scattered sections of 28 U.S.C.).[1]  Renato Cappuccitti and David Ward (together

"Cappuccitti"), citizens of Georgia, have sued DirecTV, Inc., a California

corporation ("DirecTV"), seeking the recovery, on behalf of themselves and

similarly situated DirecTV subscribers in Georgia, of the fees DirecTV charged its

subscribers for cancelling their subscriptions prior to the subscriptions' expiration.

The fees ranged from $175 to $480.  Cappuccitti asserts that the fees are proscribed

by Georgia common law and seeks damages for himself and the class in excess of

$5,000,000.[2]

The subscriber agreements between Cappuccitti and the members of his

class and DirecTV contain arbitration and class action waiver provisions.  In

responding to Cappuccitti's complaint, DirecTV moved the district court to compel

Cappuccitti to submit to arbitration and, alternatively, to dismiss his claims for

---

[1]  The plaintiffs invoked the district court's subject matter jurisdiction under 28 U.S.C. § 1332(d)(2), which incorporates CAFA's provisions.

[2]  Cappuccitti's amended complaint (which we refer to as the complaint) claims these damages in two counts, under theories of money had and received (Count I) and unjust enrichment (Count II).  The complaint also contains, in Count III, a claim for declaratory and injunctive relief, on the theory that the early cancellation fee constitutes an unenforceable penalty.

damages under Federal Rule of Civil Procedure 12(b)(6). The court denied the motion to compel arbitration,[3] but granted the motion to dismiss Cappuccitti's claims for damages for failure to state a claim.[4] DirecTV now appeals the district court's denial of its motion to compel arbitration.[5] We hold that the district court lacked jurisdiction to entertain the complaint, vacate its order, and remand with instructions to dismiss the case.

## II.

We review <u>de novo</u> a district court's denial of a motion to compel arbitration. <u>Becker v. Davis</u>, 491 F.3d 1292, 1297 (11th Cir. 2007). We begin, as we always must, by considering whether the district court possessed subject matter jurisdiction over the action. <u>See, e.g.</u>, <u>Steel Co. v. Citizens for a Better Env't</u>, 523 U.S. 83, 93–95, 118 S. Ct. 1003, 1012–13 (1998) (explaining "[t]he requirement

---

[3] In refusing to compel arbitration, the district court reasoned that although the Federal Arbitration Act favors a policy of arbitration by making arbitration clauses enforceable in federal court, <u>Dale v. Comcast Corp.</u>, 498 F.3d 1216, 1219 (11th Cir. 2007), the arbitration clause and class action waiver in the subscription agreements were unconscionable (and hence unenforceable) because Cappuccitti's total possible recovery was far lower than the costs he would have to pay to prevail against DirecTV, <u>id.</u> at 1223–24, and under Cappuccitti's Counts I and II claims, if Cappuccitti were the prevailing party, he could not recover attorney's fees.

[4] DirecTV did not move the district court to dismiss Cappuccitti's Count III for declaratory and injunctive relief. That claim was therefore still pending when DirecTV took this appeal. In light of our determination that the district court lacked subject matter jurisdiction to entertain Cappuccitti's complaint, however, we will instruct the court to dismiss Count III following receipt of our mandate.

[5] We have jurisdiction pursuant to 9 U.S.C. § 16(a)(1)(B).

that jurisdiction be established as a threshold matter"). In doing so, we conclude that subject matter jurisdiction under CAFA was absent from the moment Cappuccitti brought this case.

III.

Congress enacted CAFA in 2005 with an eye toward curbing "abuses of the class action device that have (A) harmed class members with legitimate claims and defendants that have acted responsibly; (B) adversely affected interstate commerce; and (C) undermined public respect for our judicial system." Pub. L. No. 109-2, § 2(a)(2), 119 Stat. 4, 4 (2005). In particular, Congress perceived that state courts were overly friendly toward class certification, provided insufficient notice to class members, and favored some plaintiffs over others in making class awards. Id., 119 Stat. at 4–5. To remedy these abuses, Congress amended existing sections of the portion of the United States Code governing federal court jurisdiction to situate more class actions in federal court ab initio and to make it easier for defendants in a state court class action to remove the action to federal court. See id. § 2(b)(2), 119 Stat. at 5 (stating that CAFA's purposes include "providing for Federal court consideration of interstate cases of national importance under diversity jurisdiction").

CAFA effectuated Congress's goals largely by adding a new subsection to

4

the diversity jurisdiction statute: 28 U.S.C. § 1332(d).[6]  This subsection provides

federal courts with original jurisdiction "over class actions in which the amount in

controversy exceeds $5,000,000 and there is minimal diversity (at least one

plaintiff and one defendant are from different states)."  Evans v. Walter Indus.,

Inc., 449 F.3d 1159, 1163 (11th Cir. 2006).  The subsection defines a "class

action" as "any civil action filed under rule 23 of the Federal Rules of Civil

Procedure or similar State statute or rule of judicial procedure authorizing an action

to be brought by 1 or more representative persons as a class action."  28 U.S.C. §

1332(d)(1)(B).  The new subsection also simplifies the removal of state court class

actions to federal court by establishing only minimal requirements for removal, 28

U.S.C. § 1332(d)(11), while preserving "the traditional rule that the party seeking

to remove the case to federal court bears the burden of establishing federal

jurisdiction."  Evans, 449 F.3d at 1164; see also Miedema v. Maytag Corp., 450

F.3d 1322, 1329 (11th Cir. 2006) ("[T]he text of CAFA plainly expands federal

jurisdiction over class actions and facilitates their removal.").

    This court has extensively interpreted CAFA's jurisdictional requirements in

the removal context.  Lowery v. Ala. Power Co., 483 F.3d 1184 (11th Cir. 2007).

In Lowery, nine named Alabama plaintiffs brought an action in state court, on

---

[6]  CAFA redesignated the then-current § 1332(d) as § 1332(e).

behalf of a class, against a group of corporations and fictitious entities, alleging that the defendants had polluted the air and ground water. The defendants removed the case under the "mass action" provision of CAFA, 28 U.S.C. § 1332(d)(11), asserting that § 1332(d)(11)'s jurisdictional requirements had been met. Id. at 1187–88. The plaintiffs moved to remand the case to state court, arguing that the defendants had not met their burden of establishing federal jurisdiction by providing evidence of the specific amount of damages the plaintiffs claimed. Id. at 1189. The district court ordered the case remanded, agreeing with the plaintiffs that the removing defendants bore the burden of establishing the jurisdictional amount by a preponderance of the evidence, and that the defendants did not prove that the jurisdictional mounts had been satisfied. Id. at 1192.

Reviewing the district court's decision required this court to wade through the "opaque, baroque maze of interlocking cross-references" in CAFA. Id. at 1198. That examination concluded that "mass actions" removable under CAFA are class actions that meet the requirements of § 1332(d)(2) through (10), the provisions of which "cover a variety of terrain": authorizing district courts to decline jurisdiction over cases with primarily intrastate impact, excepting states and state officials from jurisdiction, and providing guidance on how to treat citizenship for CAFA's purposes. Id. at 1199–1200. Mass actions also include

6

several requirements applicable to class actions invoking CAFA jurisdiction, such as a $5,000,000 aggregate amount in controversy, 28 U.S.C. § 1332(d)(2), (6), and minimal diversity, id. § 1332(d)(2). Lowery, 483 F.3d at 1201. Lowery also concluded that a mass action requires 100 or more plaintiffs, common questions of law or fact, and that it cannot be a class action certified under Federal Rule of Civil Procedure 23. Id. at 1202–03.[7]

In this case, we face a situation different from that in the cases cited above—Lowery, Miedema, and Evans—as well as from the mine run of CAFA cases heard in federal court, because Cappuccitti initiated this case in federal court; it was not removed from state court. Such cases are relatively rare, which is not surprising given Congress's goals in enacting CAFA—to place more class actions in federal court by lifting barriers to their removal (which would result in most published CAFA cases being heard in a removal posture). We therefore now consider what jurisdictional requirements CAFA imposes on a putative class action originally filed in federal court (an "original CAFA action").[8]

Two jurisdictional requirements for original CAFA actions are clear from

---

[7] Lowery affirmed the district court's decision remanding the action to state court, albeit on different grounds—namely, that the removing defendants did not "meet their burden of establishing the requirements for federal jurisdiction over a mass action." 483 F.3d at 1221.

[8] In this case, the burden rests with Cappuccitti to establish these jurisdictional requirements by a preponderance of the evidence, as he is the party seeking federal court jurisdiction.

the face of CAFA, which provides that

> [t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which—
>
>> (A) any member of a class of plaintiffs is a citizen of a State different from any defendant;
>>
>> (B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or
>>
>> (C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.

28 U.S.C. § 1332(d)(2). Thus, § 1332(d)(2) provides two of the requirements for original CAFA jurisdiction: an amount in controversy over $5,000,000 (obtained by aggregating the claims of the individual class members, id. § 1332(d)(6)), and minimal diversity. In addition, the preceding subsection adds a third requirement, which differs from the removable mass action requirement: the class action must have been filed under Federal Rule of Civil Procedure 23.[9] Id. § 1332(d)(1)(B). Fourth and finally, since "[p]aragraphs (2) through (4) shall not apply to any class action in which . . . the number of members of all proposed plaintiff classes in the aggregate is less than 100," id. § 1332(d)(5), a plaintiff bringing an action under CAFA must allege that there are 100 or more plaintiffs within the proposed

---

[9] Certification under Rule 23, or a state equivalent thereof, distinguishes a class action from a mass action removable under § 1332(d)(11). Lowery, 483 F.3d at 1202 (citing 28 U.S.C. § 1332(d)(11)(B)(i)).

8

class(es).

Thus, many of the requirements for an original CAFA action resemble those for a mass action removable under CAFA. But what of the individual class members in an original CAFA action—does at least one of them have to meet a minimum amount in controversy to maintain the action? CAFA did not alter the general diversity statute's requirement that the district court have original jurisdiction "of all civil actions where the matter in controversy exceeds the sum or value of $75,000" and is between citizens of different States. Id. § 1332(a). No court of appeals case of which we are aware has expressly held that at least one plaintiff must meet the § 1332(a) amount in controversy requirement to maintain an original CAFA action, and Lowery expressly reserved the question.[10] 483 F.3d at 1206 ("[W]e need not decide today whether the $75,000 provision might yet create an additional threshold requirement that the party bearing the burden of establishing the court's jurisdiction must establish at the outset, i.e., that the claims of at least one of the plaintiffs exceed $75,000."). We address this question now.

We hold that in a CAFA action originally filed in federal court, at least one of the plaintiffs must allege an amount in controversy that satisfies the current

---

[10] We note, however, that one of our sister circuits has held that at least one plaintiff must meet the $75,000 amount in controversy requirement in the CAFA removal context. Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 689 (9th Cir. 2006), cited in Lowery, 483 F.3d at 1206 n.51.

congressional requirement for diversity jurisdiction provided in 28 U.S.C. § 1332(a). Such a conclusion is compelled by the language of § 1332 as well as the general principle that federal courts are tribunals of limited jurisdiction whose power to hear cases must be authorized by the Constitution and by Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994). If we held that § 1332(a)'s $75,000 requirement for an individual defendant did not apply to § 1332(d)(2) cases, we would be expanding federal court jurisdiction beyond Congress's authorization. We would essentially transform federal courts hearing originally-filed CAFA cases into small claims courts, where plaintiffs could bring five-dollar claims by alleging gargantuan class sizes to meet the $5,000,000 aggregate amount requirement. While Congress intended to expand federal jurisdiction over class actions when it enacted CAFA, surely this could not have been the result it intended.

Nor does it require analytical acrobatics to apply § 1332(a)'s jurisdictional requirement in the CAFA class action context. While § 1332(d) may have altered § 1332(a) to require only minimal diversity in CAFA actions, Lowery, 483 F.3d at 1193 n.24, there is no evidence of congressional intent in § 1332(d) to obviate § 1332(a)'s $75,000 requirement as to at least one plaintiff.[11] Moreover, the $75,000

_____

[11] Congress's primary concern in this regard was that some courts of appeals were interpreting Zahn v. International Paper Co., 414 U.S. 291, 94 S. Ct. 505 (1973), to require each

10

requirement expressly applies in actions removed under CAFA, 28 U.S.C. § 1332(d)(11)(B)(i),[12] and we can think of no reason why Congress would have intended the requirement in the context of CAFA removal jurisdiction but not CAFA original jurisdiction. Holding otherwise would cause a nonsensical result: a case in which a plaintiff claimed less than $75,000 in controversy in state court could not enter federal court by removal (defeating Congress's purposes in enacting CAFA), but could, if the plaintiff chose, be brought in federal court under CAFA original jurisdiction (assuming the case met all of CAFA's other requirements). Again, we highly doubt that Congress intended this result.

---

plaintiff in a class action to demonstrate the current statutory jurisdiction requirement in diversity class actions. See S. Rep. No. 109-14, at 10 (2005), reprinted in 2005 U.S.C.C.A.N. 3, 11 ("The Committee believes that requiring each plaintiff to reach the $75,000 mark makes little sense in the class action context."); see also Allapattah Servs. v. Exxon Corp., 362 F.3d 739, 746–47 (11th Cir. 2004) (Tjoflat, J., dissenting from denial of rehearing en banc) (pointing out, prior to CAFA's enactment, the "deep and abiding" split in the federal courts of appeals over whether the supplemental jurisdiction statute, 28 U.S.C. § 1367, allowed for jurisdiction over unnamed plaintiffs who did not satisfy § 1332(a)'s amount in controversy requirement). This requirement is different in kind, however, from requiring at least one plaintiff to meet § 1332(a)'s jurisdictional minimum.

[12] This subsection reads:

As used in subparagraph (A), the term "mass action" means any civil action (except a civil action within the scope of section 1711(2)) in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact, except that jurisdiction shall exist only over those plaintiffs whose claims in a mass action satisfy the jurisdictional amount requirements under subsection (a).

28 U.S.C. § 1332(d)(11)(B)(i) (emphasis added). In turn, CAFA defines a "mass action" as a "class action removable under paragraphs (2) through (10) [of § 1332(d)] if it otherwise meets the provisions of those paragraphs." Id. § 1332(d)(11)(A).

11

In this case, Cappuccitti has alleged that the matter in controversy exceeds $5,000,000, that it is a Rule 23 class action, and that more than two-thirds of the members of the proposed class are citizens of a state different from DirecTV. There is no dispute over diversity, be it minimal or complete, as DirecTV is incorporated and its principal place of business is in California, and Cappuccitti is a Georgia resident asserting claims on behalf of a putative class of other Georgia residents. Though Cappuccitti does not specifically allege that the class consists of more than 100 plaintiffs, such is the necessary implication from the range of individual damages he alleges—$175 to $480 in early cancellation fees per plaintiff. If Cappuccitti is correct about his $5,000,000 aggregate amount in controversy allegation, there must be between 10,417 and 28,572 plaintiffs in the class.[13] Thus, Cappuccitti's claim satisfies most of the requirements for bringing an action under CAFA's provisions in federal court.

Where Cappuccitti's claim falls short, however, is the requirement that at least one plaintiff allege an individual amount in controversy over $75,000. Nowhere in his complaint does Cappuccitti make such an allegation. Nor could he—he alleges that the maximum early cancellation penalty suffered by any individual plaintiff was $480. There is simply nothing in the complaint to satisfy

---

[13] $480 x 10,417 = $5,000,160; $175 x 28,572 = $5,000,100.

this essential requirement of CAFA actions filed originally in federal court.

Cappuccitti's complaint is not saved by the Supreme Court's decision in Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 125 S. Ct. 2611 (2005). In Allapattah, the Supreme Court considered whether the supplemental jurisdiction statute, 28 U.S.C. § 1367, enabled federal courts to exert jurisdiction over plaintiff class members who did not individually meet § 1332(a)'s amount in controversy requirement. The Supreme Court answered in the affirmative, holding that

> where the other elements of jurisdiction are present and at least one named plaintiff in the action satisfies the amount-in-controversy requirement, § 1367 does authorize supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or controversy, even if those claims are for less than the jurisdictional amount specified in [§ 1332(a)].

Id. at 549, 125 S. Ct. at 2615. This means that "[w]hen the well-pleaded complaint contains at least one claim that satisfies the amount-in-controversy requirement, and there are no other relevant jurisdictional defects, the district court, beyond all question, has original jurisdiction over that claim." Id. at 559, 125 S. Ct. at 2620. Here, however, Cappuccitti has not alleged even one claim that, on an individual basis, approaches the current $75,000 amount in controversy requirement. Instead, he has alleged that any given member of the proposed class suffered an early cancellation penalty of, at most, $480. There exists no basis, therefore, for exerting

13

supplemental jurisdiction over Cappuccitti's claims under <u>Allapattah</u>.

Having determined that Cappuccitti lacked a basis for invoking the federal courts' subject matter jurisdiction under CAFA, our disposition of the district court's order becomes clear. Since the district court lacked subject matter jurisdiction over this case, it lacked the power to consider DirecTV's motion to compel arbitration, and the case should be dismissed. Count III, however, is still pending before the district court because it denied the motion to compel arbitration and did not dispose of that count. Accordingly, we vacate the district court's order and remand the case with the instruction that the district court dismiss it for lack of subject matter jurisdiction.

SO ORDERED.