**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 23 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CREDIT BUREAU CONNECTION, INC., a California corporation, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> WILLIAM PARDINI, an individual; B.T.B., INC., a California corporation, DBA Data Consultants, <br><br> Defendants - Appellants. | No. 12-17708 <br><br> D.C. No. 1:10-cv-01202-DLB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Dennis L. Beck, Magistrate Judge, Presiding

Argued and Submitted June 12, 2014
San Francisco, California

Before: SCHROEDER, GRABER, and BYBEE, Circuit Judges.

Defendants-Appellants William Pardini and B.T.B., Inc., doing business as

Data Consultants (collectively "Data Consultants"), appeal the district court's order

denying their motion to enforce a settlement agreement and judgment against

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Plaintiff-Appellee Credit Bureau Connection, Inc. The district court had jurisdiction under 28 U.S.C. §§ 1331 and 1367 because the stipulated judgment expressly provided that the court retained jurisdiction over disputes relating to the enforcement or breach of the parties' settlement agreement. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994). We have jurisdiction under 28 U.S.C. § 1291. We affirm.

As an initial matter, the district court did not abuse its discretion by declining to hold an evidentiary hearing before denying Data Consultants' motion. "Where material facts concerning the *existence* or *terms* of an agreement to settle are in dispute, the parties must be allowed an evidentiary hearing." *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987). The court accepted declarations and heard argument. The parties relied on the briefs and declarations rather than expressly requesting the opportunity to present witnesses. Data Consultants did not identify any "material facts" that could not be resolved by reference to the terms of the settlement agreement, the declarations submitted by the parties, and the court's prior dealings with the litigants. *See City Equities Anaheim, Ltd. v. Lincoln Plaza Dev. Co. (In re City Equities Anaheim, Ltd.)*, 22 F.3d 954, 958 (9th Cir. 1994) ("It is true that summary enforcement is inappropriate where material facts concerning

2

the existence or terms of a settlement agreement are in dispute.  Here, however, no material facts are in dispute." (internal citation omitted)).

The district court found that Credit Bureau Connection breached the parties' settlement agreement by (1) failing to identify the zipped copy of the source code on Darin Larsen's laptop computer as required by Paragraph 3(A) of the Memorandum of Understanding and (2) failing to provide the June 21 flash drive as required by Paragraph 7 of the Addendum to the Memorandum of Understanding.  Credit Bureau Connection might have breached a third provision of the agreement when Larsen "copied" the source code in order to move it from the June 21 flash drive to the Kingston flash drive and to save it as a zip file on his laptop computer.  Paragraph 1(I) of the Memorandum of Understanding prohibits Credit Bureau Connection from "copying" the source code.  The district court found, however, that those breaches either were immaterial or had been cured, and

the court therefore denied Data Consultants' motion to enforce the settlement

agreement.[1]  Those conclusions are not erroneous.

**AFFIRMED**.

---

[1] Data Consultants also requests non-contract remedies related to other causes of action, such as copyright infringement.  In the context of this motion to enforce the settlement agreement and stipulated judgment, the district court's jurisdiction is limited by the terms of the stipulated judgment to "disputes between the parties relating to the enforcement or breach of the parties' settlement agreements."  *See Kokkonen*, 511 U.S. at 381.  The district court did not err in advising the parties to initiate a separate action if they wish to litigate other claims.