**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**



**FILED**

AUG 11 2021

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

SHAUN RUSHING,  )
                )
      Plaintiff,  )
                )      Civil Action No. 21-2099 (UNA)
                )
STATE OF FLORIDA,  )
                )
      Defendant.  )

**MEMORANDUM OPINION**

This matter, brought *pro se*, is before the Court on review of plaintiff's application to proceed *in forma pauperis* ("IFP") and his Complaint against the State of Florida. The application will be granted, and this case will be dismissed for want of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action.

The Eleventh Amendment to the United States Constitution immunizes a State from suit in federal court, unless immunity is waived.[1] Plaintiff, a resident of Grand Rapids, Michigan,

---

[1] The amendment provides in pertinent part: "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State." U.S. Const. amend. XI. The amendment applies

1

has not demonstrated Florida's waiver of immunity. *See Khadr v. United States*, 529 F.3d 1112, 1115 (D.C. Cir. 2008) ("[T]he party claiming subject matter jurisdiction . . . has the burden to demonstrate that it exists.") (citation omitted)). Consequently, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

_____/s/_____
EMMET G. SULLIVAN
United States District Judge

Date: August 11, 2021

---

equally to suits brought by citizens against their own states. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *Hans v. Louisiana*, 134 U.S. 1, 13-15 (1890).