**No. 24-1300**                    **September Term, 2024**

EEOC-0720160012
EEOC-2019000598

**Filed On:** June 26, 2025

Marne K. Mitskog,

       Petitioner

    v.

United States Department of Justice,

       Respondent

**PETITION FOR REVIEW FROM AN ORDER OF THE
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**BEFORE:**   Katsas, Rao, and Walker, Circuit Judges

**J U D G M E N T**

This petition for review was considered on the briefs and appendix filed by the parties. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). Upon consideration of the foregoing, the motion for leave to file a supplemental appendix, the opposition thereto, and the lodged supplemental appendix; and the motion for leave to proceed in forma pauperis, it is

**ORDERED** that the motion for leave to proceed in forma pauperis be dismissed as moot because petitioner has paid the docketing fee. It is

**FURTHER ORDERED** that the motion for leave to file a supplemental appendix be granted. The Clerk is directed to file the lodged supplemental appendix. It is

**FURTHER ORDERED AND ADJUDGED** that the petition be dismissed for lack of jurisdiction. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (holding that the party asserting jurisdiction bears the burden of establishing it). Petitioner's argument for jurisdiction in this court rests solely on the Administrative Procedure Act, 5 U.S.C. § 551 et seq., but the Act does not provide an independent basis for this court's jurisdiction. Trudeau v. FTC, 456 F.3d 178, 183 (D.C. Cir. 2006). To the extent petitioner contends, in a footnote in her reply brief, that this court may exercise mandamus jurisdiction, the argument is forfeited. See Am. Wildlands v. Kempthorne, 530 F.3d 991, 1001 (D.C. Cir. 2008) (noting that arguments made for the

first time in a reply brief are forfeited); United States v. All Assets Held at Credit Suisse (Guernsey) Ltd., 45 F.4th 426, 434 (D.C. Cir. 2022) ("[C]ursory arguments made only in a footnote are forfeited." (internal marks omitted)); Scenic Am., Inc. v. U.S. Dep't of Transp., 836 F.3d 42, 53 n.4 (D.C. Cir. 2016) ("Although a party cannot forfeit a claim that we lack jurisdiction, it can forfeit a claim that we possess jurisdiction.").

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**