NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 16 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| IN RE: SAWTELLE PARTNERS, LLC, <br><br> Debtor. <br> ------------------------ <br><br> SATELLITE CAPITAL, LLC, a California limited liability company, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> EMACIATION CAPITAL, LLC, a California limited liability company, <br><br> Defendant - Appellee. | No. 24-3480 <br><br> D.C. No. 2:22-cv-09257-HDV <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Hernan Diego Vera, District Judge, Presiding

Argued and Submitted April 9, 2025
Pasadena, California

Before: CALLAHAN, DESAI, and DE ALBA, Circuit Judges.

Satellite Capital, LLC ("Satellite") appeals the district court's order affirming

---

*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

the bankruptcy court's judgment in favor of Emaciation Capital, LLC ("Emaciation") in an adversary proceeding involving quiet title and wrongful foreclosure claims. We review de novo a bankruptcy court's determination of its jurisdiction. *In re Valdez Fisheries Dev. Ass'n, Inc.*, 439 F.3d 545, 547 (9th Cir. 2006). "The burden of establishing subject matter jurisdiction rests on the party asserting that the court has jurisdiction." *In re Wilshire Courtyard*, 729 F.3d 1279, 1284 (9th Cir. 2013). We reverse the district court's order, vacate the judgment, and remand the case to the bankruptcy court with instructions to dismiss the adversary proceeding for lack of jurisdiction.[1]

Bankruptcy courts have jurisdiction over civil proceedings "arising under title 11," "arising in" a title 11 case, and "related to cases under title 11." 28 U.S.C. § 1334(b); *id.* § 157(b); *see also Stern v. Marshall*, 564 U.S. 462, 474 (2011). Even if a bankruptcy court lacks jurisdiction on these grounds, it may retain ancillary jurisdiction to "vindicate its authority and effectuate its decrees." *In re Valdez*, 439 F.3d at 549. No ground for jurisdiction exists here.

1.      The adversary proceeding does not arise under or in the underlying bankruptcy case. Satellite's quiet title and wrongful foreclosure claims arise under state law and, therefore, do not arise under title 11. *In re Harris*, 590 F.3d 730, 737

---

[1]     We also vacate the bankruptcy court's award of attorneys' fees to Emaciation for expungement of the lis pendens.

(9th Cir. 2009). Emaciation argues that the bankruptcy court had jurisdiction because Satellite's quiet title claim relies on 11 U.S.C. § 506(d). Not so. Although Satellite alleges that Emaciation's lien on the disputed property is void under 11 U.S.C. § 506(d), this provision of the bankruptcy code "does not, by itself, create [Satellite's] right to relief sufficient to establish 'arising under' subject matter jurisdiction." *In re Wilshire Courtyard*, 729 F.3d at 1286. Satellite's claim that it is the senior lienholder depends exclusively on state contract law; any reference to the bankruptcy code is incidental to the interpretation of the settlement agreement. *See id.*

Satellite's claims do not arise in a title 11 case because they could exist independent of the underlying bankruptcy case. *See id.* at 1286–87 (explaining that "arising in" jurisdiction exists when a case presents "an issue unique to bankruptcy proceedings," "has no independent existence outside of bankruptcy," and "could not be brought in another forum" (citation omitted)). The fact that the settlement agreement between Emaciation and the trustee "would not have arisen had there not been a bankruptcy case does not *ipso facto* mean that the proceeding qualifies as an 'arising in' proceeding." *Id.* at 1287 (citation omitted). Rather, the "fundamental question is whether the proceeding by its nature . . . could arise only in the context of a bankruptcy case." *Gupta v. Quincy Med. Ctr.*, 858 F.3d 657, 665 (1st Cir. 2017) (cleaned up). A lien dispute between two third-party creditors concerning property that is no longer part of a debtor's estate is not unique to bankruptcy, and Emaciation

fails to explain why such claims could only be resolved by a bankruptcy court. *See id.*

2.    The adversary proceeding is not "related to" a case under title 11 because the outcome of the proceeding could not "conceivably have any effect on the estate being administered in bankruptcy." *In re Valdez*, 439 F.3d at 547 (quoting *In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988)) (cleaned up). Emaciation asserts that the quiet title action "might disrupt" and impact the administration of the bankruptcy estate. We disagree. While the bankruptcy court once had jurisdiction over the disputed property, the court's jurisdiction lapsed and the "property's relationship to the bankruptcy proceeding [came] to an end" when the bankruptcy estate abandoned the property. *In re Gardner*, 913 F.2d 1515, 1518 (10th Cir. 1990) (holding that bankruptcy court lacked jurisdiction to resolve dispute "between two creditors over property no longer a part of the bankruptcy estate"); *In re DeVore*, 223 B.R. 193, 197–98 (9th Cir. B.A.P. 1998); *In re Fed. Shopping Way, Inc.*, 717 F.2d 1264, 1272 (9th Cir. 1983). The disputed property is no longer part of the estate, and therefore any ruling on lien priority and wrongful foreclosure has no effect on the debtor or the bankruptcy estate.

3.    The bankruptcy court did not have ancillary jurisdiction over the adversary proceeding because Satellite's claims do not require the bankruptcy court to interpret or effectuate its prior rulings from the underlying bankruptcy case. *In re*

*Valdez*, 439 F.3d at 549 (holding that a "judge's mere awareness and approval of the terms of the settlement agreement do not suffice" to retain ancillary jurisdiction (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994))).[2]

Costs shall be awarded to Satellite.[3]

**VACATED AND REMANDED.**

---

[2] Emaciation also argues that the bankruptcy court had supplemental jurisdiction over Satellite's claims. Yet Emaciation fails to identify a federal claim in the adversary proceeding that is subject to the bankruptcy court's jurisdiction or that shares a common nucleus of operative facts with Satellite's state claims. *Cf. In re Pegasus Gold Corp.*, 394 F.3d 1189, 1195 (9th Cir. 2005).

[3] Judge Callahan would have each party bear its own costs.