Antonio COLBERT, Appellant

v.

DISTRICT OF COLUMBIA EMPLOY-EES FEDERAL CREDIT UNION, Appellee.

No. 10–7118.

United States Court of Appeals, District of Columbia Circuit.

Jan. 25, 2011.

Antonio Colbert, Washington, DC, pro se.

Donna M. Murasky, Esquire, Deputy Solicitor, Office of the Attorney General, District of Columbia, Office of the Solicitor General, Washington, DC, for Appellee.

Before: SENTELLE, Chief Judge, and GARLAND and BROWN, Circuit Judges.

## *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by the appellant. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order issued August 25, 2010, be affirmed. The district court properly dismissed the complaint for lack of

jurisdiction. The district courts of the United States are "courts of limited jurisdiction ... possess[ing] only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). The district courts have jurisdiction over civil actions presenting a "federal question" under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. The district courts also have jurisdiction in "diversity" cases, when the amount in controversy exceeds $75,000 and the lawsuit is between citizens of different U.S. states or between U.S. citizens and foreign citizens or foreign states. 28 U.S.C. § 1332. In this case, the appellant failed to establish the district court had either federal question jurisdiction or diversity jurisdiction.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.