Thomas BURKE, Richard Danitz, Robert J. Kulczyk, James M. Kilger, Bruce Hoffman, George Ferraro, James Biddle, Sr., John O'Hare, Jr., as Trustees on behalf of the Buffalo Carpenters Pension Fund, Buffalo Carpenters Pension Fund, Plaintiffs–Appellants,

v.

LASH WORK ENVIRONMENTS, INCORPORATED, Lash Equipment Corporation, Lash Work Environment Corporation, Symmetry Group, LLC, Gary M. Casey, Integrated Work Environments, LLC, Defendants–Appellees.

No. 10–1139–cv.

United States Court of Appeals, Second Circuit.

Jan. 31, 2011.

Jonathan G. Johnsen, Creighton, Johnsen & Giroux, Buffalo, NY, for Plaintiffs–Appellants.

Gregory Zini, Damon Morey, LLP, Buffalo, NY, for Defendants–Appellees.

Present: ROBERT D. SACK, ROBERT A. KATZMANN and DEBRA ANN LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Plaintiffs–Appellants appeal from a final judgment of the United States District Court for the Western District of New York (Skretny, *C.J.*), entered March 25, 2010, granting defendants' Rule 12(b)(1) motion to dismiss plaintiffs' complaint for lack of subject matter jurisdiction. Plaintiffs brought suit alleging defendants' breach of a settlement agreement arising out of claims under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq. We assume the parties' familiarity with the facts and procedural history of the case.

On a 12(b)(1) motion, this Court reviews *de novo* the district court's conclusions of law, accepting all factual allegations in the complaint as true and drawing all reasonable inferences in plaintiffs' favor. *Conyers v. Rossides,* 558 F.3d 137, 143 (2d Cir.2009).

Plaintiffs argue principally that the settlement agreement modified defendants' withdrawal liability obligations, and that by breaching this agreement, the defendants have adversely affected them in a manner cognizable under ERISA and that jurisdiction over this suit therefore exists under ERISA § 4301, 29 U.S.C. § 1451. The district court held, relying principally on *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 378, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) (holding that enforcement of a settlement agreement "is more than just a continuation or renewal of [a] dismissed suit, and hence requires its own basis for jurisdiction"), that by entering into the Settlement Agreement and Release, the plaintiffs extinguished any withdrawal liability causes of action that could arise under ERISA in exchange for the defendants' agreement to modify those payments and thus does not independently state a claim under ERISA that could support federal jurisdiction. The district court further concluded that the other claims under ERISA alleged in the complaint "present issues to be considered in

relation to the signing of the settlement agreement, not violations of ERISA rights." *Burke v. Lash Work Env'ts, Inc.,* No. 07–CV–663S, 2010 WL 1186336, at \*5 (W.D.N.Y. Mar.24, 2010). On appeal, the plaintiffs contend that the district court erred in considering and rejecting their purported ERISA claims "on the merits," which they argue was not proper given the procedural posture of a Rule 12(b)(1) motion.

We agree with the plaintiffs and conclude that the district court's dismissal of the complaint for lack of subject matter jurisdiction was unwarranted, and accordingly vacate and remand for further proceedings.

For the purpose of determining whether a district court has federal question jurisdiction pursuant to Article III and 28 U.S.C. § 1331, the jurisdictional inquiry "depends entirely upon the allegations in the complaint" and asks whether the claim as stated in the complaint "arises under the Constitution or laws of the United States." Provided that it does, the district court has subject matter jurisdiction unless the purported federal claim is clearly "immaterial and made solely for the purpose of obtaining jurisdiction" or is "wholly insubstantial and frivolous." It follows from our exclusive focus on the complaint in determining federal question jurisdiction, moreover, that whether a plaintiff has pled a jurisdiction-conferring claim is a wholly separate issue from whether the complaint adequately states a legally cognizable claim for relief on the merits. Thus a *defense,* however valid, does not oust the district court of subject matter jurisdiction. This is because once the court's jurisdiction has been properly invoked in the plaintiff's complaint, the assertion of such a defense is relevant only to whether the plaintiff can make out a successful claim for relief, and not to whether the court has original jurisdiction over the claim itself.

*S. New Eng. Tel. Co. v. Global NAPs Inc.,* 624 F.3d 123, 132 (2d Cir.2010) (citations omitted); *accord Carlson v. Principal Fin. Group,* 320 F.3d 301, 306–07 (2d Cir.2003) (applying this standard to the ERISA context).

Here, in addition to the aforementioned liability for failure to make withdrawal payments, the complaint on its face asserts other claims arising under ERISA. *See* ERISA § 4212(c), 29 U.S.C. § 1392(c) (providing liability for transactions with the purpose of evading liability); ERISA § 4219(a), 29 U.S.C. § 1399(a) (requiring employers to furnish plan information to plan sponsor in certain circumstances). Admittedly, the instant dispute is rendered more complex by the fact that the complaint specifically references the Settlement Agreement, which was the basis for the district court's dismissal on jurisdictional grounds, and the Settlement Agreement and Release appear to have been properly before the district court on the motion to dismiss for lack of jurisdiction, *see Sira v. Morton,* 380 F.3d 57, 67 (2d Cir.2004).

Nevertheless, to the extent that the Settlement Agreement and Release are relevant to the jurisdictional question on a Rule 12(b)(1) motion, *see Global NAPs,* 624 F.3d at 132 (discussing "exclusive focus on the complaint in determining federal question jurisdiction"), it is not clear that they render all the ERISA claims in the complaint "immaterial and made solely for the purpose of obtaining jurisdiction or ... wholly insubstantial and frivolous." *Id.* (internal quotation marks omitted). "Whether [plaintiffs are] able to assert a

valid claim under ERISA is irrelevant to the question of whether the District Court has subject matter jurisdiction over [their] complaint." *Carlson,* 320 F.3d at 307. Notwithstanding the complaint's reference to the Settlement Agreement, the complaint "was drawn so as to seek recovery under ERISA, vesting the District Court with subject matter jurisdiction." *Id.* It may well be the case that the plaintiffs' cause of action for withdrawal payment liability under ERISA is extinguished in light of the Settlement Agreement and Release—by the terms of these agreements, the plaintiffs "release[d] and forever discharge[d]" the defendants from all actions relating to the recovery of employer withdrawal liability. J.A. 33. However, whether the defendants' withdrawal liability obligations and the other ERISA claims are extinguished by the Settlement Agreement and Release are questions whose resolution is properly addressed by the District Court on a Rule 12(b)(6) motion. *Cf. Carlson,* 320 F.3d at 307. For these reasons, we vacate the dismissal of this complaint and "remand the case to the District Court so that it may consider, in the first instance, whether [plaintiffs] can state an ERISA claim." *Id.*

Accordingly, for the foregoing reasons, the judgment of the district court is **VACATED and REMANDED.**