NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0339n.06

No. 13-6627

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
May 07, 2015
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| JEREMIAH HUNLEY, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF TENNESSEE |
| SANDVIK MINING & CONSTRUCTION, | ) | |
| U.S.A., LLC, et al., | ) | |
| | ) | |
| | ) | OPINION |
| Defendants-Appellees. | ) | |

_____

BEFORE: BOGGS, ROGERS, and STRANCH, Circuit Judges.

BOGGS, Circuit Judge: Plaintiff-Appellant Jeremiah Hunley mined zinc. On December 8, 2007, his machine malfunctioned. The resulting accident seriously injured Hunley. Subsequently, Hunley filed a series of three law suits—one in state court and two in federal court. Hunley voluntarily dismissed his first federal suit and his state-court suit, and the federal district court below dismissed this case, the second federal suit. Hunley appeals. We affirm the judgment of the district court because Hunley failed to establish that the district court had jurisdiction over this case.

Although Hunley filed two earlier cases, we need only to consider the present case. On October 25, 2010—the day that he filed his notice of dismissal in state court—Hunley filed a second federal case, which is the present action, against (1) East Tennessee Zinc Company, LLC (East Tennessee), (2) Tennessee Zinc Services Company, LLC (Tennessee Zinc), (3) Glencore

1

Limited, Inc., (4) Sandvik USA, (5) Sandvik OY (together with Sandvik USA, "Sandvik"), and (6) Detroit Diesel (DDC). In that complaint, Hunley identified himself as a resident of Tennessee. Between November 2010 and February 2011, Defendants-Appellees moved to dismiss Hunley's second federal case.[1] On March 29, 2012, the federal district court issued an order dismissing Sandvik and DDC on statute-of-limitations grounds. Hunley now appeals that judgment.[2]

In the same March 29, 2012 order, the district court concluded that Hunley's complaint did not adequately show complete diversity. In particular, the district court held that Hunley had not established that one of the other defendants—East Tennessee Zinc Company, LLC—was not a citizen of Tennessee for purposes of the litigation. The district court allowed Hunley to file an amended complaint. Hunley's amended complaint adequately pled that East Tennessee Zinc Company, LLC was not a citizen of Tennessee for purposes of the litigation.[3] But the amended complaint declared that Hunley was a citizen of Kentucky, not Tennessee. East Tennessee and Glencore moved to dismiss, with East Tennessee offering evidence that Hunley was a citizen of Tennessee. The district court denied the motion on the ground that it did "not have sufficient information to rule on whether subject-matter jurisdiction exists." It did note that both East

---

[1] Defendants-appellees also argued that Tennessee's statute of limitations barred Hunley's claim.

[2] The court also dismissed Tennessee Zinc on workers'-compensation grounds.

[3] The relevant paragraph reads, in its entirety:

> Defendant East Tennessee Zinc Company, LLC is a company incorporated in the State of Delaware. The sole member of East Tennessee Zinc Company, LLC, is Tennessee Zinc Company, LLC, a company incorporated in the State of Delaware. Neither Tennessee Zinc Services LLC nor Tennessee Zinc Company, LLC has no members or sub-members that are citizens or residents of Tennessee. Since East Tennessee Zinc, LLC, and their sole member, Tennessee Zinc Company, LLC, as well as any members of Tennessee Zinc Company, LLC, are not citizens and/or residents of Tennessee, complete diversity exist and the Court has subject-matter jurisdiction in this matter. Assuming Nyrstar Holdings Inc. is the sole member of East Tennessee Zinc Company LLC, according to the Delaware Secretary of State, Nyrstar Holdings Inc. is a resident of Delaware.

RE 77 at 2, ¶ 3, Page ID # 991. The amended complaint failed to name DDC as a defendant.

Tennessee and Glencore would be "free to raise the jurisdictional argument after the parties have a chance to engage in discovery." Hunley subsequently settled with East Tennessee and Glencore.

That Hunley failed to establish that he was completely diverse from East Tennessee Zinc Company for purposes of 28 U.S.C. § 1332 should have disposed of the case.[4] The burden of establishing that federal courts have jurisdiction rests on the party asserting federal jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377-78 (1994). By filing in federal court, Hunley asserted federal jurisdiction. As the district court noted, at no point in the district-court proceedings did he establish that he was diverse from all defendants. So the district court lacked jurisdiction to consider this case.

We remand so that the district court may dismiss for lack of subject-matter jurisdiction.

---

[4] Although Hunley offered below an additional theory of federal jurisdiction, he concedes on appeal that the only basis for federal jurisdiction would be diversity jurisdiction under 28 U.S.C. § 1332. Appellant Br. 2.