[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-12947

Non-Argument Calendar

_____

D.C. Docket No. 1:12-cv-20664-DLG

LUXOR AGENTES AUTONOMOS
DE INVESTIMIENTOS, LTDA.,
a Brazilian corporation,

                                        Plaintiff - Appellee,

versus

INTERTRANSFERS, INC.,
a Florida corporation,

                                        Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 21, 2016)

Before TJOFLAT, WILSON and JILL PRYOR, Circuit Judges.

PER CURIAM:

Intertransfers, Inc. (Intertransfers), appeals the district court's denial of its Motion for Relief from Judgment. Intertransfers requested such relief pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure after the court entered final judgment in favor of Luxor Agentes Autonomos de Investimientos, Ltda. (Luxor). On appeal, Intertransfers argues that the district court lacked jurisdiction to enter the judgment and, therefore, the court erred in denying its request for relief. We affirm.

In 2012, Luxor brought suit against Intertransfers, raising a number of state law claims. Luxor also named Jose Augusto Martins, Intertransfers's president, as a defendant. In its complaint, Luxor asserted diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). In their responsive pleadings, Intertransfers and Martins confirmed that the district court had subject matter jurisdiction over the dispute under § 1332(a). Thereafter, the parties entered a settlement agreement. The agreement provided that Luxor was entitled to entry of final judgment if Intertransfers and Martins failed to comply with its terms. As a result, the district court dismissed the case, and in its order, stated that it was retaining jurisdiction for the limited purpose of enforcing the agreement.

2

In 2013, Luxor filed a motion for entry of final judgment because Intertransfers and Martins had breached the agreement. The district court granted the motion and entered final judgment in favor of Luxor. The judgment provided that Intertransfers and Martins were jointly and severally liable for all damages awarded to Luxor. After the judgment was entered, Intertransfers and Martins filed a joint Motion for Relief from Judgment. Fed. R. Civ. P. 60(b)(4). They argued that the judgment is void due to jurisdictional error. Specifically, they asserted diversity jurisdiction does not exist because Martins, like Luxor, is a citizen of Brazil. In support thereof, Intertransfers and Martins provided new documentation related to Martins's citizenship. In light of this documentation, Luxor admitted that Martins's presence as a defendant deprived the district court of diversity jurisdiction. In turn, Luxor requested that the court dismiss Martins pursuant to Rule 21 of the Federal Rules of Civil Procedure. The court elected to exercise its authority under Rule 21 to dismiss Martins as a party and denied Intertransfers's Rule 60(b)(4) request for relief. This appeal followed.

The crux of Intertransfers's argument on appeal is that the district court did not have the authority to dismiss Martins. According to Intertransfers, given that Martins must remain a defendant, the final judgment is void due to jurisdictional

3

error and its request for relief must be granted.[1]  However, we find that the district court did not err in dismissing Martins and, therefore, the judgment is not void as a result of jurisdictional error.

Under Rule 21, "[o]n motion or on its own, the [district] court may at any time, on just terms, add or drop a party.  The court may also sever any claim against a party."  Fed. R. Civ. P. 21.  "Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time, *even after judgment has been rendered*."  *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832, 109 S. Ct. 2218, 2223 (1989) (emphasis added).  This includes the authority to dismiss a nondiverse party for the purpose of "rescu[ing] an otherwise valid judgment."  *See Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1343 (11th Cir. 2011); *Ingram v. CSX Transp., Inc.*, 146 F.3d 858, 862 (11th Cir. 1998) ("[F]ederal courts of appeals have the authority—like that given to the district courts in Fed. R. Civ. P. 21—to dismiss dispensable, nondiverse parties to cure defects in diversity jurisdiction.").  But, prior to exercising this authority, the

---

[1] Relatedly, Intertransfers asserts the district court lacked authority to enforce the settlement agreement because "enforcement of the . . . agreement is for state courts."  But, because the district court's dismissal order specifically stated that the court was retaining jurisdiction to enforce the agreement, this argument is without merit.  As long as the district court properly corrected the diversity jurisdiction defect arising from Martins's presence, the court had authority to enter the judgment. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381, 114 S. Ct. 1673, 1677 (1994) ("[I]f the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal—either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order . . . [then] a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist.").

district court should consider whether the dismissal of the nondiverse party will prejudice any party in the litigation. *Cf. Newman-Green*, 490 U.S. at 838, 109 S. Ct. at 2225. Prejudice exists if the party to be dismissed is indispensable and the presence of the party "provided the other side with a tactical advantage in the litigation." *Molinos Valle Del Cibao*, 633 F.3d at 1343–44.

Here, the district court properly exercised its Rule 21 authority in dismissing Martins. Under Rule 21, the district court had authority to dismiss a nondiverse party after entering a judgment for the sake of rescuing the judgment. In addition, no party was prejudiced by Martins's dismissal. First, since Martins and Intertransfers were jointly and severally liable under the judgment, Martins was a dispensable party. *See Newman-Green*, 490 U.S. at 838, 109 S. Ct. at 2226 ("[G]iven that all of the [defendants] are jointly and severally liable, it cannot be argued that [any one defendant] was indispensable to the suit."). Second, Intertransfers does not identify any tactical advantage that Luxor received from Martins's presence in the suit. Thus, the district court properly dismissed Martins pursuant to Rule 21, and in doing so, rescued the final judgment. Based on this finding, we conclude that the court did not err in denying Intertransfers's Motion for Relief from Judgment.[2]

---

[2] In addition to the arguments discussed above, Intertransfers challenges the district court's ruling on a number of other grounds. After careful consideration of these additional arguments, we find they each lack merit.

5

**AFFIRMED.**