16-832-pr
Porter v. Goord, et al.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of January, two thousand seventeen.

PRESENT:  REENA RAGGI,
　　　　　 DENNY CHIN,
　　　　　 RAYMOND J. LOHIER, JR.,
　　　　　　　　　　　　　　　 *Circuit Judges*.

-----------------------------------------------------------------------

LARRY PORTER,

　　　　　　　　　　 *Plaintiff-Appellant*,


　　　　v.　　　　　　　　　　　　　　　　　　　　　　No. 16-832-pr


GLENN GOORD, et al.,

　　　　　　　　　　 *Defendants-Appellees.*

-----------------------------------------------------------------------

FOR APPELLANT:　　　　　　Larry Porter, *pro se*, Malone, New York.

FOR APPELLEES:　　　　　　Barbara D. Underwood, Solicitor General, Victor Paladino, Jeffrey W. Lang, Assistant Solicitors General, *for* Eric T. Schneiderman, Attorney General for the State of New York, Albany, New York.

Appeal from a judgment of the United States District Court for the Western District of New York (Leslie G. Foschio, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on February 23, 2016, is AFFIRMED.

Larry Porter, *pro se*, appeals from the dismissal of his motion for enforcement of a stipulated settlement with four Department of Corrections and Community Supervision ("DOCCS") officials, which resolved Porter's excessive force claim brought pursuant to 42 U.S.C. § 1983.  Specifically, Porter claims he is owed 41 days' interest.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we reference only as necessary to explain our decision to affirm.

The district court properly dismissed Porter's motion to enforce for lack of subject matter jurisdiction.  Enforcing a settlement pursuant to Fed. R. Civ. P. 41(a)(1)(ii) "is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994).  To retain ancillary jurisdiction "over enforcement of a settlement agreement, *Kokkonen* prescribes that a district court's order of dismissal must either (1) expressly retain jurisdiction over the settlement agreement, or (2) incorporate the terms of the settlement agreement in the order."  *Hendrickson v. United States*, 791 F.3d 354, 358 (2d Cir. 2015).  The district court's text order of dismissal did neither.  Consequently, the district court lacked subject matter jurisdiction to entertain Porter's motion.

We have considered all of Porter's remaining arguments and find them to be without merit.  Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

2