**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1573
_____

YOUNES KABBAJ,
                              Appellant

v.

AMERICAN SCHOOL OF TANGIER, a Delaware corporation; BOARD OF
TRUSTEES FOR THE AMERICAN SCHOOL OF TANGIER; STEPHEN E.
EASTMAN, Chairman of the Board; EDWARD M. GABRIEL; MARK SIMPSON
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-10-cv-00431)
District Judge:  Honorable Mark A. Kearney
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
August 12, 2019
Before:  KRAUSE, SCIRICA and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 28, 2019)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Younes Kabbaj appeals the District Court's order denying his motion to file a new District Court action and motion to recuse. For the reasons below, we will affirm the District Court's order.

In 2010, Kabbaj filed a civil action against the American School of Tangier ("AST") and several other defendants. By order entered April 24, 2012, the District Court approved a settlement agreement that included a provision limiting any future litigation by Kabbaj against the defendants. The provision required Kabbaj to receive permission from the District Court before filing a civil action against any of the persons or entities covered by the agreement.

In February 2019, Kabbaj filed a motion to recuse and a motion to file a complaint. The District Court determined that the proposed complaint violated the terms of the April 24, 2012 settlement agreement. It also determined that there were no grounds for recusal. It denied both the motion to file the complaint and the motion to recuse. Kabbaj filed a timely notice of appeal.

The District Court had jurisdiction to enforce the terms of the settlement. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381-82 (1994) (setting forth requirements to ensure continuing jurisdiction of a district court to enforce parties' settlement agreement). We have jurisdiction under 28 U.S.C. § 1291.

Motion to file a new complaint

We apply plenary review to a district court's order enforcing a settlement agreement to the extent the order involves legal conclusions, and review for clear error to

the extent factual findings are involved.  See Coltec Indus., Inc. v. Hobgood, 280 F.3d 262, 269 (3d Cir. 2002).

In his proposed complaint, Kabbaj named as defendants the American School of Tangier and its "agents," who he collectively describes as "AST Corp."  He believes that the AST Corp. includes high-ranking government officials engaged in a wide-ranging conspiracy against him.  Kabbaj alleged that defendants began a media campaign to try to imprison or kill him.  He then responded with "counter-threats" and was charged criminally.[1]  Based on these conclusory allegations, Kabbaj sought to bring claims of defamation, abuse of process, malicious prosecution, breach of contract, promissory estoppel, and intentional infliction of emotional distress.

Kabbaj argued that the 2012 settlement agreement included a provision prohibiting defendants from encouraging others to attack Kabbaj through legal means or the media. He contended that defendants had breached this provision.  However, Kabbaj merely asserted conclusory allegations of harm without specifying any acts by any individual against him.  He did not allege that any defendant covered by the settlement agreement had breached that provision of the agreement.  The District Court did not err in denying Kabbaj's motion to file a new complaint.

---

[1] According to the electronic docket for the District Court for the Eastern District of Pennsyvlania, Kabbaj pleaded guilty in May 2017 to one count of influencing a federal official by threat.  He was sentenced to 23 months in prison.

Recusal

We review the District Judge's decision to not recuse himself for an abuse of discretion. Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000). In his motion to recuse, Kabbaj cited to 28 U.S.C. §§ 144 & 455. Under 28 U.S.C. § 144, a judge must recuse if the litigant files a sufficient affidavit alleging that the judge has a personal bias or prejudice against him. Under 28 U.S.C. § 455, a judge should disqualify himself if his impartiality might reasonably be questioned or he has a personal bias concerning a party. Kabbaj did not allege any facts that would show a personal bias on the part of Judge Kearney or that his impartiality might reasonably be questioned.

Kabbaj did allege that Judge Kearney had been removed from presiding over Kabbaj's criminal proceedings. While Chief Judge Smith designated a District Court Judge from the District Court for the Western District of Pennsylvania to preside over Kabbaj's criminal proceedings, there was no indication that this was based on any bias against Kabbaj on the part of Judge Kearney. In his notice of appeal, Kabbaj claimed that he clearly accused Judge Kearney of being part of the AST Corp. during his criminal proceedings. Therefore, he reasons, the proposed complaint includes Judge Kearney as a defendant. Kabbaj did not raise this argument in his motion to recuse in the District Court. Moreover, he did not allege in the proposed complaint any specific actions taken by Judge Kearney in the conspiracy against him. The District Court Judge did not abuse his discretion in denying Kabbaj's motion to recuse.

4

For the above reasons, we will affirm the District Court's order. To the extent that Appellees seek to expand the record to include documents from Kabbaj's criminal proceedings, their motion to file a supplemental appendix is denied. To the extent they seek to submit additional pleadings from the District Court proceedings at issue here, the motion is granted. Appellees may not recover costs for any documents included in the supplemental appendix which are duplicative of documents contained in any previously filed appendices.