UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Charles Antonio Devon Wright,     )
                                 )
        Plaintiff,          )
                                 )     Civil Action No.  20-561 (UNA)
                                 )
State Attorney General,        )
                                 )
        Defendant.     )

## MEMORANDUM OPINION

This matter, brought *pro se*, is before the Court on review of plaintiff's application to proceed *in forma pauperis* and his "Complaint in Suit of Equity."  The Court will grant the application and dismiss the complaint for lack of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction.  *See* Fed. R. Civ. P. 8(a).  Failure to plead such facts warrants dismissal of the action.

Plaintiff is incarcerated in Fort Collins, Colorado.  He has sued the "State Attorney General," but the complaint's allegations are unintelligible.  Regardless, the Eleventh Amendment to the United States Constitution immunizes a State from suit in federal court, unless immunity is waived.[1]  Plaintiff has not come close to demonstrating Colorado's waiver of immunity.  *See*

---

[1]   The amendment provides in pertinent part: "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State."  U.S. Const. amend. XI.  The amendment applies

1

*Khadr v. United States*, 529 F.3d 1112, 1115 (D.C. Cir. 2008) ("[T]he party claiming subject matter jurisdiction . . . has the burden to demonstrate that it exists.") (citation omitted)).  So, this case will be dismissed.  A separate Order accompanies this Memorandum Opinion.

_____s/_____
AMY BERMAN JACKSON

Date: April 27, 2020                                    United States District Judge

---

equally to suits brought by citizens against their own states.  *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *Hans v. Louisiana*, 134 U.S. 1, 13-15 (1890).