21-2961-cv
*Jericho Grp. Ltd v. Mid-Town Dev. Ltd. P'ship*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31ˢᵗ day of October, two thousand twenty-three.

PRESENT:
> DENNY CHIN,
> MICHAEL H. PARK,
> *Circuit Judges*,
> ANNE M. NARDACCI,
> *District Judge.*[*]

_____

Jericho Group Ltd,

> *Plaintiff-Appellant*,

---

[*] Judge Anne M. Nardacci, of the United States District Court for the Northern District of New York, sitting by designation.

**Samuel Pfeiffer,**

*Appellant,*

v.                                                                                          **21-2961 (L),**
                                                                                              **22-194 (Con)**

**Mid-Town Development Limited
Partnership, Robert B. Goebel,**

*Defendants-Appellees.†*

_____

FOR PLAINTIFF-APPELLANT:                    Avinoam Y. Rosenfeld,
                                            The    Rosenfeld    Law
                                            Office, P.C.,
                                            Lawrence, NY.

FOR APPELLANT:                              Samuel Pfeiffer, pro se,
                                            Brooklyn, NY.

FOR DEFENDANT-APPELLEE                       Lisa M. Solomon,
ROBERT B. GOEBEL:                            Law Offices of Lisa M.
                                            Solomon, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern

District of New York (Dora L. Irizarry, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

---

† The Clerk of Court is respectfully directed to amend the caption accordingly.

**ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Jericho Group Ltd sued Defendant-Appellees Mid-Town Development LP, its lawyers, and Jericho's former attorneys (including Robert Goebel) in district court raising several federal- and state-law claims. Appellant Samuel Pfeiffer, Jericho's principal, was an interested party in the action. After the case was dismissed, the parties disputed a settlement concerning attorneys' fees, which the district court memorialized in an order that preserved its jurisdiction over any subsequent disputes. We previously affirmed the validity of the so-ordered settlement agreement and warned Pfeiffer against "the continued filing of duplicative, vexatious, or clearly meritless appeals, motions, or other papers," which could result in a leave-to-file sanction. *Jericho Grp. Ltd v. Mid-Town Dev. Ltd. P'ship*, 816 F. App'x 559, 563–65 (2d Cir. 2020).

Over a year later, Goebel moved the district court for a judgment against Jericho for noncompliance with the settlement agreement and nonpayment of attorney's fees. The district court granted the request and then denied Jericho's motion to restore the docket to its circa-2014 procedural posture. These appeals followed. Jericho is represented by counsel, but Pfeiffer proceeds pro se. We

3

assume the parties' familiarity with the remaining underlying facts, the procedural history, and the issues on appeal.

As an initial matter, the district court had subject-matter jurisdiction to enter a judgment for noncompliance with the order enforcing the settlement. Enforcement of a settlement agreement "is more than just a continuation or renewal of the dismissed suit"; it requires an independent basis for jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994). A district court must "either (1) expressly retain jurisdiction over the settlement agreement, or (2) incorporate the terms of the settlement agreement in the order" dismissing the case. *Hendrickson v. United States*, 791 F.3d 354, 358 (2d Cir. 2015). Here, the district court expressly retained jurisdiction over all disputes concerning the settlement.

On the merits, we affirm even under the standard of review most favorable to Jericho, de novo. The district court correctly concluded that Jericho had failed to justify its noncompliance with the order of settlement. Jericho argued that its noncompliance was justified because the order of settlement did not clearly and unambiguously require Pfeiffer to execute the settlement. The order of settlement adopted the magistrate judge's proposed order, which provided that

4

Pfeiffer and Jericho were jointly and severally liable for the settlement amount of $200,000, $35,000 of which was payable upon signing of the order, with the balance due in equal payments on the 15th day of each month. The order also provided that, in case of default, a confession of judgment was to be entered against Pfeiffer and Jericho in the amount of $350,000. The challenged judgment was therefore authorized by the earlier settlement agreement, the validity of which we have previously affirmed.

Jericho and Pfeiffer also argue that the district court should "restore" its docket to its 2014 condition because their prior counsel's incompetence caused them prejudice. This argument is frivolous, lacking any basis in law or fact. The right to competent counsel does not generally apply in civil cases. *See Guggenheim Cap., LLC v. Birnbaum*, 722 F.3d 444, 453 (2d Cir. 2013). And any remedy for counsel's alleged incompetence lies in a malpractice action, not repeated collateral attacks on a valid judgment.

Jericho and Pfeiffer have filed numerous frivolous and untimely appeals and motions in this Court, including the ones currently before us. They have been warned numerous times that future frivolous filings may result in sanctions. *See Jericho*, 816 F. App'x at 564–65. We thus **GRANT** Goebel's motion for

sanctions against Appellants. We **ORDER** that the Clerk of Court refuse to accept from Appellants any future appeal or other filing in this Court relating to this matter unless they first obtain leave of the Court. We **DENY** the pending motions filed by Jericho and Pfeiffer as frivolous.

We have considered Appellants' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court